## CHRISTY v. WHITMORE ET AL.

1. **Township Trustees**: CEMETERIES: DISCRETION AS TO USE OF LAND FOR: MANDAMUS. Although township trustees have bought land for a cemetery, they still have a discretion as to its use, and they cannot be compelled by *mandamus* to devote it to that purpose, if for any reason they deem it unsuitable.

*Appeal from Van Buren Circuit Court.*

SATURDAY, SEPTEMBER 26.

ACTION of *mandamus* to compel the defendants, who are township trustees, to use certain real estate as a public cemetery. The relief asked was refused and the petition dismissed. The plaintiff appeals.

*Stiles & Beaman* and *Lea, Wherry & Walker*, for appellant.

*Sloan, Work & Brown*, for appellees.

SEEVERS, J.—In addition to the usual formal allegations, the petition states that the plaintiff and one Johnson were the owners of certain described real estate situated in Bonaparte township, in Van Buren county; that, said township

being in need of additional grounds for public burial pur-
poses, the plaintiff and Johnson sold and conveyed to the
trustees of said township, and their successors in office, the
described real estate, for the purpose of a public cemetery,
and for no other purpose; that said real estate was needed
and was suitable and proper for such purpose, and adjoined
the town of Bonaparte, and was valuable for building pur-
poses, and was worth more than the price received therefor,
and would not have been sold at the price received except for
such public purpose, in which the plaintiff was interested on
account of other property interests, and in securing a fit and
proper burial place for the dead; that the plaintiff is a tax-
payer in said township, and the property was paid for with
public money; that defendants have refused, although so
requested, to allow the real estate so purchased to be used for
the purpose aforesaid. Wherefore a peremptory writ of *man-
damus* was asked to compel the defendants to permit the said
real estate to be used for the purpose aforesaid.

The defendants answered the petition, and admitted that
the trustees of said township proceeded to lay off the real
estate into burial lots, for the purpose of disposing of the
same as a cemetery, but that they were enjoined from so using
it.   And they further allege, for certain stated reasons, that
the ground is not suitable for the said purpose.   They deny
that plaintiff has any such interest in the subject-matter as to
entitle him to maintain the action, and say that they are
invested with discretion in the premises, which cannot be
controlled.   No lots have been sold by the defendants for burial
purposes and the real estate has not been used as a cemetery,
and the defendants do not propose to use it for such purpose.

The statute provides that " the township trustees are hereby
empowered to condemn or purchase, and pay for out of the
general fund, and enter upon and take, any lands within the
territorial limits of such township for the use of cemeteries.
*  *  *      They shall have the power to control any
such cemeteries, or appoint trustees for the same, or sell it to

Christy v. Whitmore et al.

any private corportion for cemetery purposes." Sections 3 and 4, Chap. 130, Acts Sixteenth General Assembly, (McClain's statutes, 96.)

It is further provided by the statute that where a duty is enjoined on a public officer, he may be compelled to perform such.duty by *mandamus;* but where such officer or tribunal is invested with a discretion, their discretion cannot be controlled. Code, § 3373.

It is insisted that the land in question must be used for a cemetery, unless the evidence establishes that to so use it would create a nuisance. But we do not think this is the controlling consideration, but that, of necessity, the defendants must be invested with a discretion to so use it or not. If they become satisfied that the ground is unsuitable or inconvenient, they cannot be compelled to allow it to be so used. Until the ground has been actually so used, and deceased persons have been buried therein, the trustees have the absolute and unqualified right to exercise such discretion, and refuse to allow it to be used for such purpose. If it was a part of the consideration for the sale and purchase of the land that it should be so used, and the plaintiff has been pecuniarily damaged, it may be that he can recover such damages, or possibly he can, in a proper proceeding, have the conveyance set aside and the title reinvested in the grantors. The trustees cannot be compelled to purchase or condemn land for the purpose of a cemetery, and it is equally clear to our minds that, having done so, they cannot be compelled to use it for that purpose, if for any reason they deem it unsuitable and improper to do so. We deem it proper to say that the injunction was dissolved because the trustees declared that the land would not be so used, and also that the deed conveying the land to them is silent as to the purpose for which it was purchased.

AFFIRMED.