JOHN BARRETT *et al.* v. SUMNER KEMP *et al.*, Appellants.

Condemnation for Cemetery Purposes: POWER OF TOWNSHIP TRUSTEES. ·Code 476, as amended by Acts Sixteenth General Assembly, chapter 130, section 3, gives township trustees power to condemn land for cemetery purposes, "when it shall be deemed necessary." *Held*, the trustees are exclusive judges of the existence of the "necessity."

Jurisdiction of District Court. The district court has no jurisdiction of such a condemnation proceeding until the trustees have determined that there is need of condemnation; and whether they have made such determination, is a question for the court. Such action by the trustees is binding without notice, and nothing is to be submitted to the jury except the amount of compensation due.

Practice in Supreme Court: INDEFINITE ASSIGNMENT. An assignment asserting that a demurrer, containing more than one ground, was improperly sustained, is too indefinite.

*Appeal from Hardin District Court.*—HON. J. L. STEVENS, Judge.

TUESDAY, MAY 22, 1894.

PROCEEDING to condemn land for cemetery purposes. Trial to jury. Verdict and judgment for plaintiffs. Defendants appeal.—*Affirmed.*

*C. E. Albrook* for appellants.

*M. J. Furry* for appellees.

KINNE, J.—I. September 25, 1891, plaintiffs, as trustees of Alden township, in Hardin county, Iowa, filed their petition, reciting that the defendants were the owners of certain lands (describing them), that it was necessary to immediately procure additional ground for cemetery purposes in said township, and praying the condemnation of five acres of ground therefor. October 13, 1891, defendants filed their answer, admit-

ting the ownership of the property, that plaintiffs were the trustees of the township, and denying that any necessity existed for procuring additional grounds for cemetery purposes; denying plaintiffs' right to have same condemned, because it was not necessary. October 14, 1891, plaintiffs amended their petition by striking out the allegation that it was necessary to immediately procure additional cemetery grounds, and substituting therefor the statement "that plaintiffs herein, at a special meeting held on the nineteenth day of September, A. D. 1891, determined that it was necessary to immediately procure additional cemetery grounds, and ordered the institution of an action to condemn the lands hereinafter set out in the petition." October 16, defendants answered said amendment, denying plaintiffs' right to take the property, because it was not necessary so to do; denying plaintiffs' right to determine the question, in such a manner as to be binding upon defendants, without notice; and averring that such action, without notice, would be void. And further they say: "With reference to the allegations stating what was done on the twenty-sixth day of September, 1891, these defendants say they have neither knowledge nor information sufficient to form a belief." On the same day, plaintiffs filed their demurrer to defendant's answer, and the amendment thereto, consisting of three grounds, being, in substance, that: *First*, the only question that could be determined in the action is the value of the land sought to be condemned and defendant's damage; *second*, that plaintiffs were the exclusive judges of the necessity for condemnation; and, *third*, that no notice of plaintiffs' purpose to institute condemnation proceedings was required. This demurrer was sustained, to which ruling defendants excepted. Upon the question of damages, the cause was tried to a jury, and verdict of three hundred and sixty dollars found for defendants,

upon which judgment was entered. Defendants appeal.

II. It is said the court erred in sustaining the demurrer. The assignment of error is not sufficiently specific to raise this question. The assignment is general, and fails to point out or designate the particular ground relied on. As the demurrer stated several points or grounds upon which the petition was claimed to be vulnerable, the assignment should direct the attention of the court to the particular point relied on. Code, section 3207; *Town of Waukon v. Strouse*, 74 Iowa, 547, 38 N. W. Rep. 408.

III. It is contended that the court erred in the first division of its charge given to the jury. The jury was, in substance, told that the only question it had to determine was the amount of compensation the owners of the land were entitled to. The question as to whether the board of trustees of the township had determined that such a taking and condemnation of the land were necessary was not submitted to the jury. By section 3 of chapter 130, Acts Sixteenth General Assembly, the township trustees are empowered to condemn or purchase, pay for and enter upon and take lands for cemetery purposes, in same manner as is provided for incorporated cities and towns. By section 476 of the Code it is provided: "When it shall be deemed necessary by any such corporation to enter upon or take private property for any of the above uses, an application in writing shall be made to the district court. * * * After such notice shall have been given, the court shall proceed to determine the compensation to be paid for the taking of the property, and for that purpose, shall impanel a jury, and the mode of procedure therein shall be the same, so far as applicable, as in an action by ordinary proceedings." Now, the law seems to contemplate that only the question of compensation shall be submitted to the jury. It is also clear that the

necessity for the taking of the property is a matter which the trustees alone can determine.  *Town of Cherokee v. Sioux City & I. F. Town Lot and Land Co.*, 52 Iowa 279, 3 N. W. Rep. 42.  But their determination must be made before the court has jurisdiction to act in the matter of ascertaining the compensation to be awarded, and we think whether or not they have so acted is a matter for the determination of the court alone, and not for the jury. It is a preliminary question to be determined in order to ascertain if the court has jurisdiction to act in the matter.  Hence, the court did not err in not submitting that question to the jury.

IV.  It is said that the verdict is not supported by the evidence, and is contrary to the law and the evidence, and that the damages are insufficient.  The verdict is fully sustained by the evidence.  AFFIRMED.