A. C. MINEAR et al., Appellants, v. L. R. PLOWMAN et al.,
Appellees.

**EMINENT DOMAIN:** Necessity—Discretionary Exercise of Power.
1  The township trustees have wide discretion in determining the
necessity of a condemnation of land for cemetery purposes.

**EMINENT DOMAIN:** Injunction to Restrain.  Injunction to restrain
2  condemnation proceedings will not lie on the ground that the con-
demnation is *unnecessary,* because such issue may be raised before the
commissioners to assess damages and on appeal from their findings.

**EMINENT DOMAIN:** Injunction to Restrain—Malice.  Injunction to
3  restrain trustees from condemning land for an authorized purpose will
not lie on the allegation that they are moved by ill feeling against
the plaintiff.

*Appeal from Van Buren District Court.*—C. W. VERMILION,
Judge.

FEBRUARY 12, 1924.

REHEARING DENIED MAY 10, 1924.

ACTION to enjoin defendants township trustees and sheriff
from condemning land for cemetery purposes.  Injunction was
denied, from which order plaintiffs appeal.—*Affirmed.*

*Cornell & McBeth,* for appellants.

*Newbold & Newbold,* for appellees.

ARTHUR, C. J.—I.  The petition alleges that plaintiffs are
the owners of a farm of about 153 acres, situated in Van Buren
County, Iowa; that defendants Plowman, Johnson, and Staubus
are township trustees of Lick Creek Township, and defendant
Kinsey is the sheriff of Van Buren County; that said defendants
trustees caused to be filed with defendant sheriff an application
for condemnation for cemetery purposes of a strip of plaintiffs'
land, 100 feet wide and 300 feet long, adjacent to the north side
of the existing cemetery; that said sheriff caused to be served
on plaintiffs notice of said condemnation proceedings; that said

trustees in said condemnation proceedings are acting in an illegal manner, and without authority of law, and are seeking to deprive plaintiffs of their rights in the property, without due process of law; that, unless they are restrained, plaintiffs will suffer great and irreparable injury; and that they have no adequate remedy at law. The petition further alleges that the action of the trustees in proceeding to condemn said real estate is prompted by ill feeling and malice, and is, therefore, an abuse of discretion, and without jurisdiction; that the proposed enlargement of said cemetery is not necessary; that the present cemetery is sufficiently large to meet present needs.. The petition further alleges that plaintiffs offered to purchase two lots lying on the east side of said cemetery and convey same to said trustees for cemetery purposes without cost to the township, if said trustees would not proceed to condemn the property now sought to be acquired; that the trustees present at the time the offer was made assented to the proposition; that thereafter, said two lots were purchased by one of the plaintiffs, and a deed executed therefor to the trustees, which deed was recorded; and that said trustees are thereby estopped from condemning said property, on account of the execution and delivery of said deed.

The proceedings in condemnation alleged are: Application by the trustees, addressed to the sheriff, stating that public necessity demands taking and holding, for the use and benefit of the public, additional cemetery ground, consisting of the strip of plaintiffs' land above described; that the trustees have been unable to purchase sufficient ground from the plaintiffs for said purposes; that demand has been made upon plaintiffs that they sell said tract of land; and that they refused so to do. The application requests the sheriff to summon commissioners to investigate the land and assess damages which the owners will sustain by appropriating said land to be used for cemetery purposes; that the sheriff summon six freeholders of said county not interested in the same or a like question to appear on said premises at such time as the sheriff may designate, to make assessment of damages which the owners of said real estate will sustain from the appropriation of said real estate for cemetery purposes; and that the sheriff give notice to said owners of the time and place of assessing damages.

In accordance with said application, the defendant sheriff duly notified plaintiffs in writing of the summoning of the commissioners to assess damages, and of the time and place of the meeting of commissioners to assess damages sustained by plaintiffs from the taking of their property for cemetery purposes. At this stage of the proceedings, plaintiffs began this action, and applied for temporary injunction, which was granted. Defendants demurred to the petition on the ground "that the facts stated in the petition do not entitle the plaintiffs to the relief demanded," and moved to dissolve the temporary injunction, on the grounds:

(1) That plaintiffs have a speedy and adequate remedy at law.

(2) That an independent action in equity to enjoin condemnation proceedings is a collateral attack, and will not lie.

(3) That the right of appeal is the only remedy given a landowner in condemnation proceedings.

(4) That a court of equity has no authority or jurisdiction to interfere in condemnation proceedings.

(5) Because the ground relied upon for an injunction may be urged in defense to the condemnation proceedings.

The motion to dissolve the temporary injunction and demurrer to the petition were together submitted to the court. The motion and demurrer were sustained. Plaintiffs elected to stand on their petition, and the action was dismissed, and judgment entered against plaintiffs for costs, from which ruling and judgment this appeal is taken.

II. The condemnation proceeding is under Section 585, Code Supplement, 1913, which reads:

"The township trustees are hereby empowered to condemn, or purchase and pay for out of the general fund, and enter upon and take, any lands within the territorial limits of such township for the use of cemeteries, in the same manner as is now provided for cities and towns. * * *"

The statutes referred to in the above quoted statute are Sections 884 and 2029 of the Code, 1897. Section 2009, Code Supplement, 1913, provides for appeal from assessment of damages in condemnation proceedings.

By dissolving the temporary injunction and sustaining the

demurrer to the petition, the court, in effect, held that injunction will not lie to restrain said condemnation proceedings; that the right of appeal affords plaintiffs a speedy and adequate remedy at law; that the authority challenged by the petition is conferred upon the trustees by the statutes, to be exercised under their judgment and discretion in the premises.

III.   Appellants assert the conclusion that the additional strip sought to be taken from their land is not necessary for cemetery purposes; that additional ground is not required.   We think it is well established that, where the exercise of the right of eminent domain is granted, the grantee is allowed to exercise much discretion.   In *Barrett v. Kemp*, 91 Iowa 296, where township trustees sought to condemn land for additional cemetery ground, we said, among other things:

1. EMINENT DO-
MAIN: necessity:
discretionary
exercise of
power.

"It is also clear that the necessity for the taking of the property is a matter which the trustees alone can determine."

Some other cases holding to the same effect are *Christy v. Whitmore*, 67 Iowa 60; *Bushnel v. Whitlock*, 77 Iowa 285; *Dubuque & Sioux City R. Co. v. Ft. Dodge, D. M. & S. R. Co.*, 146 Iowa 666.   Furthermore, we have held that an absolute necessity need not exist; that the test of the right to condemn is, rather, public convenience, and not absolute necessity.

In *Dubuque & Sioux City R. Co. v. Ft. Dodge, D. M. & S. R. Co.*, supra, an action in equity, to restrain the defendant from crossing the plaintiff's road at grade, there was a judgment dismissing plaintiff's petition, and, upon appeal, the judgment was affirmed.   In this case, we said:

"The statute only requires that the crossing shall be reasonably necessary.   An absolute necessity need not exist.   It is enough if it appears that the crossing is reasonably necessary and proper for the accomplishment of the purpose proposed, namely, the reasonable accommodation of the public."

Under authority of *Bennett v. City of Marion*, 106 Iowa 628, we think that the owners may allege and support, by proof before the commissioners and on appeal to the district court, that the strip of land sought to be condemned is not required for cemetery purposes.   We think such issue can be presented and adequate remedy

2. EMINENT DO-
MAIN: injunction
to restrain.

afforded on appeal. In the instant case, the temporary injunction arrested condemnation proceedings before they reached the stage of assessment of damages, and before they reached the point for an appeal. In the *Bennett* case, supra, we said:

"But suppose the owner insists * * * that all or a portion of the land is not required or being appropriated for the public use; shall he not be permitted to raise these issues in some appropriate manner? It is not so material how this is done, as it is that the landowner be permitted to have them presented to the court in some way and determined. We discover no reason for denying him the right to controvert the allegations of the application by answer or other pleading. While this is not authorized by the statute, it is not prohibited, and is more definite and convenient than resort to oral objections [citing authorities]. * * * The city council had the power to finally determine the necessity of the improvement and its location, but its determination of the amount of land necessary therefor is subject to review by the courts."

IV. The petition alleges malice and ill feeling on the part of the trustees; that said trustees are actuated by malice toward plaintiffs in seeking to take the strip of land from their farms. We think that, in such a situation, plaintiffs' rights may be protected, if need be, on appeal, and that it does not constitute a ground for injunctive remedy. Appellees trustees were acting within the scope of their authority. We think the state of their feeling toward the owners immaterial. As bearing somewhat on this point, see *Anderson v. Park*, 57 Iowa 69; *Price v. Town of Earlham*, 175 Iowa 576.

3. EMINENT DOMAIN: injunction to restrain: malice.

V. There is no merit in appellants' contention that they offered trustees another tract of land and executed a deed for same, and that thereby the trustees are estopped from condemning the tract desired by the trustees. The petition alleges that the deed was placed of record, but does not allege acceptance of the deed by the trustees in session. In fact, it is clear from the record that the trustees rejected the offer. We would not go so far as to say that injunctive remedy could not properly be invoked in any case of attempted condemnation; but in the instant case, we think appeal will furnish adequate remedy, and

that injunction does not lie. The court did not err in sustaining the demurrer and dissolving the temporary injunction.

Results in affirmance.—*Affirmed.*

STEVENS, FAVILLE, and DE GRAFF, JJ., concur.

.VERMILION, J., takes no part.