SMITH, Justice:
Wesley R. Bailey, Annelle E. Bailey, Alma Mangum Bailey, Sadie Mangum Gid-den, Word Gidden and Marjorie B. Morgan have appealed from a decree of the Chancery Court of Tunica County dismissing their bill of complaint brought against ap-pellee, Board of Levee Commissioners for Yazoo-Mississippi Delta, as defendant. The bill sought an injunction restraining the defendant Board from taking, by eminent domain proceedings, the complete fee simple title to certain real estate belonging to appellants for use in connection with a levee construction project known as L-675 —The Austin Berm Item.
A demurrer was interposed to the bill, assigning as grounds (1) there was no equity on the face of the bill of complaint (2) complainants had a plain, complete and adequate remedy at law and (3) com--plainants’ exclusive remedy was provided by Mississippi Constitution article XI section 233 (1890).
The court sustained the demurrer, and, complainants 'having declined to amend or plead further, dismissed the bill.
It is conceded by appellants that the Board of Levee Commissioners for Yazoo-Mississippi Delta is vested with authority to acquire, by eminent domain proceedings, the complete fee simple title to real estate needed for levee purposes. This authority is expressly granted by law and distinguishes the power of the Board of Levee Commissioners for Yazoo-Mississippi Delta from that possessed by the Board of Mis *470 sissippi Levee Commissioners. Miss.Const, art. XI § 233 (1890); Miss.Laws 1896 Ch. 157; Miss.Laws 1897 Ch. 19; Miss.Laws 1906 Ch. 127; Miss.Laws 1950 Ch. 426.
The bill of complaint charged that the contemplated public purpose did not require the taking of the complete fee, and sought to limit the taking so as to exclude mineral and certain other enumerated interests which the complainants desired to retain.
In Ham v. Board of Levee Commissioners for Yazoo-Mississippi Delta, 83 Miss. 534, 555-556, 35 So. 943, 947 (1904), this Court said:
The building of the new levee being within the power of the board of levee commissioners, and the taking of the private property being judicially determined to be for a public use, the courts will not place judicial restraint upon the manner in which the board, in the exercise of its discretion, uses the power providentially delegated to it by the state. It is for the courts to determine that the proposed taking is for a public usé, hut, this being so decided, it is for the commissioners to decide upon the necessity of such taking. In re Fowler, 53 N.Y. 60; Call v. Town of Wilkesboro, 115 N.C. 337, 20 S.E. 468; C., R. I. & P. R. Co. v. Town of Lake, 71 Ill. 333; Waterworks Co. v. Burkhart, 41 Ind. 364; Smedley v. Erwin, 51 Pa. 445; [Joplin Consolidated] Mining Co. v. City of Joplin, 124 Mo. 129, 27 S.W. 406; Barrett v. Kemp, 91 Iowa 296, 59 N.W. 76. Courts will interfere and review the exercise of the discretion of those to whom the power of eminent domain has been delegated by legislative enactment only in exceptional cases — as when property is appropriated for private purposes under the guise of public use, or if the condemnation is sought for private gain, or from willful or malicious purposes, or to injure or destroy the rights of other parties, or that they acted without warrant of law and oppressively. Hurley v. [Board of Mississippi] Levee Com’rs, 76 Miss. 141, 23 So. 580; Mills, Eminent Domain, § 11; Douglass v. Byrnes (C.C.), 59 F. 29; Lynch v. Forbes (Mass.), [161 Mass. 302,] 37 N.E. 437, 42 Am.St.Rep. 404. Confessedly, the case at bar does not fall within the exceptions stated. The good faith of the board of levee commissioners in locating the proposed levee and taking the land of complainants is not impugned, and the courts will not attempt to dictate or control their actions on the ground alone that they may have acted hastily or unwisely.
In the case now before us it is not questioned that the proposed taking is for public use. It is uniformly held that the necessity for the taking is a legislative matter for determination by the public board charged with that duty. As stated in Ham, courts will not interfere with the determination made by the public board of the necessity to take property except in a case where there is a clear or manifest abuse of the power or “when property is appropriated for private purposes under the guise of public use, or if the condemnation is sought for private gain, or from willful or malicious purposes, or to injure or destroy the rights of other parties, or that they acted without warrant of law and oppressively.”
The bill of complaint in this case does not challenge the good faith of the Board of Levee Commissioners in its determination that public necessity requires the acquisition of the complete fee title to apr pellants’ land. Nor is it questioned that just compensation will be paid for the property to be acquired.
We have concluded that the chancery court was not the proper forum for the determination of the issues here presented. Appellants have a plain, complete and adequate remedy at law under Mississippi Code 1942 Annotated section 2782 (Supp.1966). By applying for the writ *471 of prohibition, as provided in that statute, they may test whether the action of the Board of Levee Commissioners in taking the complete fee is a clear or manifest abuse of power. It is considered that the language of section 2782, supra, is sufficiently broad to cover the question of the quantum of the estate or interest in land that public necessity requires, as well as questions relating to the area or location of land proposed to be taken.
It is by no means to be inferred, however, that the court may merely substitute its judgment for that of the governing authority of the condemnor. In this case, the Board of Levee Commissioners for the Yazoo-Mississippi Delta is vested with lawful power to take the complete fee. The power to take the fee was withheld from the Board of Mississippi Levee District. It must be assumed that the distinction in the grant of powers to the two districts is not without significance, and that it was contemplated that the power granted, in the case of Yazoo-Mississippi, might be exercised whenever its Board might determine that public necessity so required. Such a determination is essentially legislative in character and lies peculiarly within the province of the Board. The scope of judicial review is limited and the court will interfere only in cases of fraud or where it is established that there has been a clear or manifest abuse of power. Council v. Texas Gas Transmission Corp., 202 So.2d 916 (Miss.1967).
The action of the chancellor in sustaining the demurrer and dismissing the bill was correct. However, it does not preclude appellants from applying for a writ of prohibition for the purpose of determining whether the taking constitutes a clear or manifest abuse of power by the Board of Levee Commissioners for Yazoo-Mississippi Delta.
Affirmed.
ETHRIDGE, C. J., and PATTERSON, INZER and ROBERTSON, JJ., concur.