ETHRIDGE, Chief Justice:
This case originated in the Circuit Court of Tunica County with a petition for a permanent writ of prohibition filed by petitioners-appellees, Wade S. Wineman and another, against the Board of Levee Commissioners for the Yazoo-Mississippi Delta. The question is whether the evidence reflects a manifest abuse of discretion by the Board in its decision that it should take by eminent domain the fee simple title to the land of petitioners, rather than only an easement. The circuit court held that there was no public necessity for taking a fee title. We reverse, holding that the evidence does not show a manifest abuse of the Board’s discretion, and thus dismiss the petition for writ of prohibition.
The Board of Levee Commissioners for the Yazoo-Mississippi Delta has the statutory right in proper cases to condemn a fee simple title. Miss.Consti *684 tution § 233 (1890); Miss.Laws 1950, Ch. 426; Bailey v. Board of Levee Com’rs for Yazoo-Miss. Delta, 204 So.2d 468 (Miss.1967). Further, an application for a writ of prohibition may test whether the action of the Board in taking the complete fee is a clear abuse of power. Mississippi Code 1942 Annotated section 2782 (Supp.1968) is sufficiently broad, on the issue of public necessity, to test the quantum of the estate as well as the area or location of land proposed to be taken. Bailey v. Board of Levee Com’rs for Yazoo-Miss. Delta, supra.
The Board proposes to condemn the fee simple title to three tracts of land (35 acres) belonging to appellees. The principal purpose of the taking is to obtain soil from the land to be used in building, enlarging and repairing levees, and particularly in connection with Item L-675, also known as the “Austin-Berm Item.” Berm is a reinforcement of a levee. A number of citizens petitioned the Board to take less than a fee title in future acquisitions for levee purposes. After hearing of these citizens, and after full consideration and consultation with its chief engineer, the Board resolved that it was necessary to acquire a full title to these lands for construction of the berm, and for levee improvements and enlargements; and that this was essential for protection of the people, property and land within the levee district.
Judicial review of orders of administrative agencies ordinarily is measured by the substantial evidence test. However, judicial review of an order of public necessity, a legislative question, by the subject Board, is measured by a standard which is more restrictive than the one usually applied to administrative agencies. The test is whether the Board’s decision on public necessity involves a clear or manifest abuse of its discretion.
Careful examination of the well reasoned testimony of Joseph F. Mooney, chief engineer for the Board, supports the determination in this particular case. Appellees’ tracts of land are located approximately 800 to 1000 feet west of the crown of the levee. The intervening land, from the foot of the levee, is grown up in fairly heavy timber and underbrush. However, Mooney testified that, in addition to the Board’s historical practice for many decades of obtaining fee simple titles, there are many substantive considerations supporting a full taking. He based his conclusions on his lengthy experience, studies, and conferences with the Army Corps of Engineers. A fee simple title serves a multitude of purposes for the Board. When the pits, made by earth excavation, are drained in the future, the Board will plant timber in them to help protect the levee. Wave-wash and scouring are always potential dangers to a levee system. The Board has had unfortunate experiences after it relinquished hunting rights on some of its properties: Levee board equipment was “shot up” and other things occurred which hindered operation of the maintenance force.
Separate ownership of mineral rights could endanger the main-line levee system, by subsurface recovery operations, frequent ingress and egress, the detonation of dynamite in explorations which could cause seepage and boils, fissures and settlements in the levee foundation. Mooney’s conferences with the Army Corps of Engineers had resulted in the conclusion by him and others that one of the causes of the high-water flood disaster in 1965, in the upper part of the Nation, was the lack of full control of land adjacent to the levees. Moreover, the land sought to be condemned was needed not only for immediate purposes of obtaining soil for construction of the Austin-Berm Item. It was required also for protection from wave-wash and scour, for growth of timber, for future drainage sites, and for anticipated use of soil for small and large repairs in maintenance of the levee system. Mooney’s detailed testimony is reasonable and certainly takes this particular decision *685 of the Board out of the category of a clear or manifest abuse of its discretion.
Accordingly, the circuit court erred in directing issuance of a permanent writ of prohibition, which ordered the Board not to take a fee simple title to appellees’ land. That judgment is reversed, and judgment is rendered here dismissing appel-lees’ petition for a writ of prohibition.
Reversed and judgment rendered here dismissing appellees’ petition for writ of prohibition.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.