DAN M. LEE, Justice,
for the court:
This case comes to us on appeal from the Special Court of Eminent Domain, Hinds County, wherein the trial judge sustained the appellee’s motion to dismiss. Following the trial court’s ruling the City of Jackson was prevented from taking the subject property and hence brings this appeal and assigns as error the following:
1. The Court erred in ruling that anything more than a showing of present public convenience and necessity was required in order to sustain the condemnation action.
2. The Doctrine of Res Judicata relied upon by the trial Judge is inapplicable in any event because there was no final *433 judgment or finding of fact upon which such doctrine might rely.
On October 3, 1983, the Jackson City Council approved an ordinance closing part of Pine Street. The ordinance was approved by the Mayor and a single Commissioner as the only other Commissioner was absent from the Council meeting. Shortly thereafter, on November 1, 1983, the City apparently changed its mind as the Mayor and the two City Commissioners voted to direct the city attorney to institute condemnation proceedings against the owners of the land constituting that part of Pine Street which the City had only one month before- closed.
The appellee, R. Conner McAllister, objected to the reopening of Pine Street and filed a motion to dismiss the eminent domain proceeding. The only proof put on in support of the motion to dismiss was a copy of the October 3, 1983 ordinance closing part of Pine Street.
In opposition to the motion to dismiss the City presented the testimony of City Commissioner Luther Roan. Commissioner Roan’s testimony was limited to stating what actions the City had taken regarding Pine Street, i.e., closing the street and then voting to reacquire it through the eminent domain process. The City also introduced resolutions from various organizations desiring the reopening of Pine Street. All of those resolutions recited that the closing of Pine Street had created an inconvenience for members of their organizations and that these organizations were of the collective opinion that the public would best be served by reopening Pine Street.
William Lipscomb testified that he lives in the Belhaven neighborhood. He frequently used a route involving Pine Street to get to and from his home. He was no longer able to do so. Lipscomb testified that he spearheaded the petition drive to reopen the street. A lengthy petition requesting that the street be reopened was then introduced into evidence. Lamar Weems testified that he was a regular user of Pine Street and was inconvenienced by its closure. Robert Temple, the Chairman of the Board of Stewards of Riverside Independent Methodist Church, testified that the closure of Pine Street represented an inconvenience to the members of his church. Cela Bates, the President of the Jackson Junior League, testified that the closure of Pine Street created an inconvenience for the members of her organization. She testified that everyone could still get to the organization but that it was more inconvenient with Pine Street closed. Harold Karges, a member of the First Church of Christian Scientists, testified that the closure of Pine Street was an inconvenience for the members of his church. He testified that this was especially true when the junior high school across the street from the church had ball games. Gene Tolley, the Council Executive of the Boy Scouts of America, testified that the closure of Pine Street had been an inconvenience to his employees. All of the aforementioned organizations have offices on Riverside Drive. Before the closure of Pine Street, it connected Riverside Drive with Euclid Avenue. The special court of eminent domain ruled that the City had failed to show a public necessity for opening Pine Street.
The first issue raised by the parties is whether the doctrine of res judicata applies to prevent the City from reopening Pine Street. The doctrine of res judicata is a judicial creation and does not apply to legislative acts. Vatterott v. City of Florissant, 462 S.W.2d 711 (Mo.1971). As numerous cases from this Court have held that the determination of public necessity is a matter for the legislature, the City Council was sitting as a legislative body in addressing that question. Bailey v. Board of Levee Commissioners For Yazoo-Mississippi Delta, 204 So.2d 468 (Miss.1967); Council v. Texas Gas Transmission Corp., 202 So.2d 916 (Miss.1967); Paulk v. Housing Authority of City of Tupelo, 195 So.2d 488 (Miss.1967); Mississippi State Highway Commission v. Jacob, 192 So.2d 260 (Miss.1966).
There is clear authority in this state that a city may reopen a street it has chosen to close. The only requirement is that the *434 city reopen the street through the process of eminent domain as opposed to the use of an ordinance rescinding the order closing the street. Berry v. Town of Mendenhall, 104 Miss. 94, 61 So. 163 (1913).
From the record in this case, there can be no doubt that the City was led to believe there were no objections to the closing of Pine Street; therefore, passed a resolution to close and vacate it on October 3, 1983. Twenty-eight (28) days (November 1, 1983) and many protestations later the City realized it had been misled and attempted to correct its mistake and reopen Pine Street. At the same time the City attempted to follow what it thought was the law in Berry v. Town of Mendenhall, supra. It is clear under Berry, supra, the City of Jackson was free to reconsider its decision to close the street.
Because the doctrine of res judicata does not apply to a legislative act, Vatterott v. City of Florissant, supra, the simple introduction of the October 3, 1983 ordinance is not dispositive of a lack of public necessity. McAllister failed to meet his burden of proof. We therefore reverse and remand this cause to the Special Court of Eminent Domain for such further proceedings as are consistent with this opinion.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.