CEDAR RAPIDS SAVINGS BANK & TRUST COMPANY et al., Appellees, v. AMERICAN MORTGAGE & SECURITIES COMPANY, Appellant.

No. 39424.

MAY 7, 1929.

*Cloud & Swift* and *Trewin, Simmons & Trewin,* for appellant.

*Stewart, Penningroth & Holmes,* for appellees.

WAGNER, J.—The propositions for our consideration arise upon rulings made relative to the pleadings. It is alleged in the petition, in substance, that the plaintiffs are the administrators of the estate of John L. Williams, who died intestate, June 20, 1927; that the defendant is a corporation for pecuniary profit; that, on or about May 4, 1920, the defendant sold to the decedent a "Charles C. Hanson loan," consisting of a $2,500 note, dated February 13, 1920, due March 1, 1925, and secured by a second mortgage upon certain real estate; that, as a part of the sale, and in consideration therefor, the defendant entered into the following written undertaking:

"We have this day sold you the above loans on the conditions that should you need a few thousand dollars for a short time before the maturity of these loans, we will loan you the same at 7% interest or if you deem it advisable to permanently dispose of either or both of these loans, we will repurchase them on demand at face and accrued interest less the unearned portion of the discount allowed in the sale to you today.

"Yours very truly,

"H. E. Henderson

, "Treasurer."

This instrument forms the basis of this suit.

It is further alleged in the petition that, on August 2, 1927, they, in writing, tendered to the defendant said note, mortgage, and loan papers, and demanded that the defendant repurchase same, as agreed in the aforesaid undertaking. They incorporated in their petition a letter dated August 2, 1927, addressed to the defendant, therein stating, in part:

''The purpose of this letter is to inform you of our election to accept the option on resale contained in your letter of May 4, 1920, and demand of you in exchange for said Note, Mortgage and other loan papers the principal amount thereof, plus accrued interest to date, less the discount made in the sale to Williams.

''If you will forward draft for the amount to any Banking Institution in the City with directions to deliver the same to us upon receipt of the loan papers, or to a bank in Manchester, Iowa, with the same directions, we will deliver the loan papers where you direct, and close the matter, or, if you so desire, we will personally call at your office in Manchester, and there deliver the loan papers in exchange for a draft for the amount due.''

It is further averred in the petition that thereafter, on August 17, 1927, the defendant, in writing, refused said tender and demand, by letter addressed to them, copy of which they incorporated in their petition. This letter purports to be signed by A. M. Cloud. The petition contains the further allegation that the plaintiffs have at all times been, and are now, ready, able, and willing to tender and deliver unto the defendant the note, mortgage, and other loan papers, upon receipt of the sum due. They therein ask for judgment for $2,500, with interest and costs.

To this petition the defendant demurred, on the grounds that the written undertaking referred to in plaintiff's petition does not constitute an agreement on the part of the defendant to repurchase said note and mortgage at any time, and that, whatever rights plaintiffs had thereunder, the same had long since expired before the first demand was made thereunder, in the year 1927; that the petition shows that the demand for repurchase contained in said written undertaking was not made until after the expiration of the time prescribed by the terms thereof; that

said written undertaking accorded no right to the deceased to demand that the defendant repurchase said note and mortgage after its maturity; that no attempt was made to exercise the right to demand repurchase until after the expiration of an unreasonable time; that said written undertaking and the written demand made by plaintiffs did not afford the plaintiffs any right to recover anything of the defendant. This demurrer was overruled.

The defendant then filed an answer, admitting that the plaintiffs are the administrators of this estate, and that the defendant is a corporation for pecuniary profit, and admitting the sale of the note and mortgage referred to in the petition, and that the treasurer of the defendant wrote the letter to the deceased (the written undertaking hereinbefore set out); that the plaintiffs signed and mailed to the defendant the letter of August 2, 1927; that on or about August 17, 1927, A. M. Cloud wrote a letter to the plaintiffs, a substantially correct copy of which is attached to plaintiffs' petition, and that said letter was received by the plaintiffs; that the defendant has, at all times since the receipt of plaintiff's letter, refused to comply with the requests and demands therein made. All allegations of the petition not hereinbefore admitted were denied.

In an amendment to the answer, comprising five counts, and consisting of averments giving its version of what it claimed to be the intent of the parties in entering into the contract, it is alleged, in various forms, what the defendant claims to be the facts, circumstances, and negotiations leading up to and attending its execution, the subsequent conduct of the deceased, both before and after the expiration of the note relative thereto, and that plaintiffs had not tendered to the defendant the "Charles C. Hanson loan" referred to in the written undertaking, and also waiver. Said amendment is quite verbose, covering twelve pages of the printed abstract.

The court sustained a motion to strike the whole of each and every count of the amendment to the answer.. It is to be borne in mind that plaintiffs' motion did not strike at various portions of each separate count, but at the entire count, which contained proper defensive matter.

The debatable question presented is: What is the proper construction to be placed upon the aforesaid written promise,

signed by the treasurer of the defendant corporation? Plaintiffs' contention is that the decedent had two alternatives: First, that should he need a few thousand dollars for a short time before the maturity of the loan, the defendant would loan him the same at 7 per cent interest; and second, if he deemed it advisable to permanently dispose of the loan, the defendant would at any time repurchase it, on demand, at face and accrued interest, less the unearned portion of the discount allowed in the sale to him; or, to put it in the plaintiffs' language, as presented in their argument:

"The first [alternative] was predicated upon the fact that, if he needed money before maturity, he could borrow the money; and second, without limitation as to time, before or after maturity of the Hanson loan, he had the privilege of reselling it, and the defendant was obligated to repurchase."

The defendant's contention as to the proper construction of said written undertaking is that, should the decedent need a few thousand dollars for a short time *before maturity of the loan,*  then they would loan him the same at 7 per cent interest; or if, *before maturity of the loan,* he deemed it advisable to permanently dispose of the loan, the defendant would repurchase it, on demand, at face and accrued interest, etc.; or, to put it in defendant's language, as presented in its argument:

"It seems to us very plain that both proposals [to loan money or to repurchase] are thereby limited to the period prior to the maturity of the respective loans."

The defendant further contends that, even if the offer to repurchase is not so limited by the contract, as contended by it, then the law implies that it must be accepted within a reasonable time, which had expired.

Thus we have the two contentions. It cannot be said that the contract is plain and unambiguous. There appears to be foundation for both contentions, and that makes the contract ambiguous. *Tucker v. Leise,* 201 Iowa 48. When the terms of a contract are ambiguous, then it is proper to look to the conversations, statements, circumstances, negotiations, and conduct of the parties, as an auxiliary to the construction to be placed upon the

same. *Tucker v. Leise,* supra; *Rath v. Schoon,* 192 Iowa 180; *Chamberlain v. Brown,* 141 Iowa 540; *Kelly & Mahon v. Fejervary,* 111 Iowa 693.

Plaintiffs' motion to strike the various counts of the amendment to the answer is based primarily upon the ground that, prior to the institution of suit, they, in writing, made a demand upon the defendant for the repurchase of the Hanson loan, which the defendant, in writing, refused, and at the same time stated its reason for such refusal; that none of the defenses set up in said counts were included among the reasons assigned in "defendant's letter," and for that reason, the defendant may not now "mend its hold" and tender new issues. In support of its contention, it relies upon such cases as *Railway Co. v. McCarthy,* 96 U. S. 258; *Donley v. Porter,* 119 Iowa 542; *Hawes v. Swanzey,* 123 Iowa 51; *Farmers' Mill. Co. v. Mill Owners Mut. F. Ins. Co.,* 127 Iowa 314; *Wood v. Hall,* 138 Iowa 308; *McDermott v. Mahoney,* 139 Iowa 292; *Prichard v. Mulhall,* 140 Iowa 1; *Schillinger Bros. & Co. v. Bosch-Ryan Grain Co.,* 145 Iowa 750; *Condit v. Johnson,* 158 Iowa 209; *Perrin v. Chidester,* 159 Iowa 31; *Olson & Nessa v. Rogness,* 173 Iowa 331; *Crow v. Casady,* 191 Iowa 1357; *Durband v. Ney,* 196 Iowa 574.

The defendant contends that the rule relied upon by the plaintiffs is based solely upon estoppel, and that, where the necessary elements of estoppel are absent, the rule does not apply, and that the mere bringing of a suit is not such a change of position as will entitle the plaintiffs to claim an estoppel,—and rely upon such cases as *Jamison v. Auxier,* 145 Iowa 654; *Spitzer v. Board of Trustees,* 267 Fed. 121; *Galle v. Hamburg Am. P. A. G.,* 233 Fed. 424; *Crow v. Casady,* 191 Iowa 1357.

For reasons hereinafter given, the action of the court in sustaining plaintiff's motion to strike was erroneous, and we find it unnecessary to make a pronouncement as to the aforesaid contention of defendant.

It is the further contention of the defendant that there is no admission that the Cloud letter was the letter of the defendant corporation. The plaintiffs, relying upon *Bloom v. State Ins. Co.,* 94 Iowa 359, contend that, since the Cloud letter was written in reply to their letter, it will be presumed to be written by a person duly authorized. The defendant correctly asserts that, even if this presumption exists, it can be rebutted by evidence.

The aforesaid rule of law relied upon by the plaintiffs and supported by the aforesaid authorities and sought to be invoked by them is not applicable to the instant case, for the further reason that a careful perusal of the "Cloud" letter and the various counts of the amendment discloses that all of said counts except the one numbered II contain averments not conflicting, but consistent, with the claim asserted in the letter. In so far as Count II is concerned, it contains the proper defensive matter of a denial of tender by the plaintiffs.

The court was in error in sustaining plaintiffs' motion to strike the various counts contained in the amendment, and it follows that the action of the court in sustaining the so-called motion for judgment on the pleadings was erroneous.

For the foregoing reasons, the judgment of the trial court is hereby reversed.—*Reversed.*

ALBERT, C. J., and STEVENS, DE GRAFF, and MORLING, JJ., concur.