In re Trusteeship of LaMar C. Barnett.

No. 42127.

NOVEMBER 21, 1933.

Watson & Watson, for Joe McCoy, trustee-appellant, and Ede E. Law, Admx. of the estate of Irvin Law, deceased, appellant.

Henderson & Wilson, for LaMar C. and Dorothy Barnett, appellees.

CLAUSSEN, J.—In 1925 L. C. Barnett owned a life estate in a tract of land embracing about 185 acres in Warren county, Iowa. On the 27th day of August, 1925, the said Barnett and his wife executed a trust agreement and a trust deed in the following language:

### "TRUST AGREEMENT

"This memorandum of agreement entered into on this 27th day of August, 1925, between L. C. Barnett and Dorothy M. Barnett, first parties, and Howard F. Sones, Second party, witnesseth:

"That first parties have this day conveyed to second party upon the terms and conditions hereinafter specified the following described premises situated in Warren County, Iowa, to-wit: The West half of the Northwest quarter and the North half of the Northeast quarter of the Northwest quarter of Section 26, Township 76 North, Range 24 West 5th P. M. Iowa, and the East 1/3 of the 73¾ acres of the West part of the South half of the Southeast Quarter of Section 35, Township 76 North, Range 24 West 5th P. M. Iowa.

"First parties have conveyed said premises to second party as trustee to be held by second party in trust for the purpose of securing to Irvin Law the payment of one note for $5000.00, dated September 1, 1925, due five years from date and in consideration of said trust it is mutually agreed between the parties hereto that second party is to have immediate possession of said premises and is to have the right to rent said premises and operate same as a farm and to collect the rents therefrom and out of the proceeds of the rental from said farm second party is to pay the taxes on said premises and is to make the necessary repairs thereon and is to

pay any life insurance premium on the life insurance policy hereinafter provided for and any amount remaining is to be applied on the interest on said note and upon the principal as the same matures, or as second party may see fit to apply same.

"It is further understood and agreed that L. C. Barnett is to provide life insurance on his own life in an amount equal to $5000.00 with this trustee named as beneficiary therein for the purposes of further securing the payment of said note, for the reason that the said L. C. Barnett, one of the first parties herein owns only a life estate in said premises so that in case of his death this trust would be terminated and there would be no source of payment of said note aside from said life insurance.

"It is understood that when said note and interest is fully paid off and discharged that this trust shall end and all of said property including the proceeds of any of said insurance is to be returned to L. C. Barnett or to his estate.

"The reasonable expenses of this trust, including the compensation of said trustee is to be paid out of the rental from said lands.

"This contract is to be signed in triplicate, one copy to be held by first parties, one copy by second parties and one copy by Irvin Law."

## "Trust Deed

"Know All Men by These Presents:

"That we, L. C. Barnett and Dorothy M. Barnett, husband and wife, in consideration of One Dollar in hand paid by Howard F. Sones, Trustee, as hereinafter provided, do hereby transfer and convey to the said Howard F. Sones, Trustee, the following described premises situated in Warren County, Iowa, to-wit:

"The West Half of the Northwest Quarter and the North Half of the Northeast Quarter of the Northwest Quarter of Section 26, Township 76 North, Range 24 West 5th P. M. Iowa, and the East 1/3 of the 73¾ acres of the West part of the South Half of the Southeast Quarter of Section 35, Township 76 North, Range 24 West 5th P. M. Iowa, and said L. C. Barnett and Dorothy M. Barnett, hereby relinquish their right of dower in and to said premises.

"The purpose of this deed is to convey said premises to the said Howard F. Sones in trust as security for the payment of one note for $5000.00 signed by the grantors, dated September 1, 1925, due five years from date, payable to Irvin Law.

"The said trustee is to have immediate possession of said premises but it is understood that if the grantors pay $5000.00 or more on said note on or before the 1st day of January, 1926, as they have an option to do, then said trustee shall relinquish to said grantors all of the 1925 crop on said premises, but the grantors shall have no farther interest in the income or proceeds from said premises until said debt is fully paid off and discharged.

"The full terms of said trust are evidenced by a contract of even date herewith between the grantors and the grantee herein."

It will be observed that one Howard F. Sones was named as trustee in the agreement and in the deed. Subsequently one Joe McCoy was appointed trustee in the stead of Sones. Pursuant to the agreement the trustee entered into possession of the land and appears to have rented it, but the rents actually received from the land have been insufficient to take care of interest on the $5,000 obligation mentioned in the trust, taxes on the land, and the insurance premiums on the life insurance policy referred to in the trust agreement.

The trustee made application to the court for authority to foreclose the trust deed; the purpose of the application being, of course, to create a situation in which the life estate of the said Barnett in the real property could be sold under special execution and the proceeds applied upon the indebtedness. Barnett resisted the application. The trial court denied the prayer of the application, and from such order this appeal is prosecuted.

The trust agreement and the trust deed were executed at the same time and as a part of the same transaction. The trust agreement refers to the deed and the deed refers to the trust agreement. In this situation the instruments must be construed together. Seeger v. Manifold, 210 Iowa 683, 231 N. W. 479; Barnett v. Lovejoy, 193 Iowa 678, 186 N. W. 1; Elmore v. Higgins, 20 Iowa 250.

The trust agreement gives to the trustee the right to immediate possession of the premises, the right to rent the farm, and to operate it and to collect its rents. Every right had by Barnett in the land passes under the trust agreement to the trustee, except the right to sell the life estate. The right to alienate the life estate in its entirety is not given to the trustee. The inference to be drawn from the exclusion of this right from the enumeration is that such right was not granted. This court has recognized that the maxim

"*Expressio unius est exclusio alterius*" is applicable in the construction of contracts. Beck & Sons v. Economy Coal Co., 149 Iowa 24, 127 N. W. 1109. Applying this maxim in the construction of the trust agreement, we reach the conclusion that it was not the intention of the parties that the trustee should have the right to sell Barnett's life estate for the purpose of discharging the debt.

The trust deed, standing alone, would carry the right to sell the entire life estate upon proper proceedings. But the deed does not stand alone. It contains the recital that the trust agreement contains the full agreement of the parties. Reading the instruments together, we cannot escape the conclusion that the trust deed cannot be foreclosed as a mortgage and the life estate sold under it.

The instruments recite that the sum of $5,000 was due approximately five years after the date of the instrument. As before noted, the tract of land embraced about 185 acres. Out of the proceeds of the operation or renting of this land, interest, taxes, repairs, and the life insurance premiums were required to be paid. It is, of course, a matter of common knowledge that the income from the land would not be sufficient to take care of these various obligations and retire the indebtedness in five years. It is altogether natural to assume that the parties to the instruments were aware of this fact. In this situation the fact that the right of selling the life estate was not specifically given to the trustee is significant, and we think indicative of an intent that the trustee should not have this right.

Regardless of whether the instruments in effect create a trust or are a mortgage, the trustee is only entitled to their enforcement as properly construed; in other words, the trustee has only such rights as are given to him in the instruments. The right to sell the life estate in the property is not given to him by the instruments, and it cannot be afforded to him by the court in the guise of permission to foreclose the trust deed in contravention of the agreement of the parties.

The only question presented by this appeal is whether the court properly denied the trustee authority to foreclose the trust deed. The right to any other remedy is not before the court. The trial court properly denied the prayer of the application, and the order appealed from must be, and it is, affirmed.—Affirmed.

ALBERT, C. J., and EVANS, KINDIG, and DONEGAN, JJ., concur.