MARY LING CARSON et al., Trustees, Appellees, v. GREAT LAKES PIPE LINE COMPANY, Appellant.

No. 46939.

February 11, 1947.

Stipp, Perry, Bannister, Carpenter & Ahlers, of Des Moines, for appellant.

Clifford Powell, of Red Oak, for appellees.

Hays, J.—M. S. Ling in 1931 granted Great Lakes Pipe Line Company, appellant, an easement over his land, for construction of a pipe line. Two instruments were executed: a right-of-way agreement and a receipt and release, and which, by their terms, constitute one agreement. Appellant constructed at different times two pipe lines, one a four-inch and one a six-inch line. In 1943 appellant removed the four-inch line and it is for compensation for its removal that appellees brought this action. The sole question before us concerns the interpretation of the said written agreements.

The case was presented to the lower court on a stipulation of facts and the agreements themselves. Appellees have not asked for a reformation of the agreements but claim they are ambiguous and should be construed to provide the same compensation upon removal of a line as was paid for the laying

of a line and the trial court so held. Appellant states that on a removal only physical damages to the premises are contemplated by the agreements.

The right-of-way agreement provides:

"For and in consideration of * * * ($1.00) * * * I, Milo S. Ling * * * do hereby grant to GREAT LAKES PIPE LINE COMPANY * * * the right to lay, maintain, operate, re-lay and remove at any time a straight pipe line or pipe lines * * * with right of ingress and egress to and from the same * * * All damages to crops, surfaces, fences, and premises for and because of the laying of each line of pipe shall be paid for as soon as said line or lines are completed. In addition to this there shall be paid on the laying of the first line of pipe an additional compensation at the rate of fifty cents (50¢) per rod for each rod or fraction thereof of land on these premises across which said line is laid. * * * If the amount of damages to fences, crops and premises, which may be suffered by reason of laying, maintaining, operating, altering or removing said pipe lines cannot be mutually agreed upon, then same shall be ascertained and determined by three disinterested persons * * * A certain instrument of this date acknowledging receipt of damage in connection with this right of way is a part of this agreement and is the basis for damages should additional lines be laid."

The receipt and release agreement provides:

"RECEIVED * * * ($1,135.00)* * * and in consideration of said sum so paid to Milo Ling hereby remise, release * * * said Great Lakes Pipe Line Company * * * from any and all * * * claims and demands for, upon or by reason of any damage or loss which heretofore has been or which hereafter may be sustained by him in consequence of—during laying of above line * * * All property damage both real or personal by reason of constructing one four or six inch gasoline line * * * This instrument is pursuant to * * * a right of way agreement * * * and forms a part of and is in full force as to such agreement concerning any additional lines, which shall be paid for as to

damages in accordance with the Right of Way agreement and this instrument.''

The stipulation of facts states that there was paid at the time of the construction of the pipe line the sum of $165 (as provided in right-of-way agreement) and $1,135 (as provided in receipt and release). M. S. Ling, grantor of easement, is deceased and appellees are trustees of his estate. The same amounts were paid when the second line (six inch) was constructed. In 1943 appellant entered upon the premises, cut a trench, and took out and removed the four-inch pipe and backfilled the same. The crop damages have been adjusted with the tenant and appellant admits $65 is due appellees for their share of the crop damage.

The rule for construction of a contract, especially where the contract is ambiguous, as stated in Restatement of the Law, Contracts, 310, section 230, is:

''The standard of interpretation of an integration, except where it produces an ambiguous result, or is excluded by a rule of law establishing a definite meaning, is the meaning that would be attached to the integration by a reasonably intelligent person acquainted with all operative usages and knowing all the circumstances prior to and contemporaneous with the making of the integration, other than oral statements by the parties of what they intended it to mean.''

See, also, 17 C. J. S. 682, 686, section 294; Buser v. Grande Avenue Land Co., 211 Iowa 659, 234 N. W. 241. It is also a well-recognized rule of construction that, unless a contrary intent appears, words employed in contracts are assigned their ordinary meaning. See Nylander v. Nylander, 221 Iowa 1358, 268 N. W. 7; 17 C. J. S. 718, section 301.

Even though we agree with appellees that the agreements are ambiguous, at least to the extent announced in Vorthmann v. Great Lakes Pipe Line Co., 228 Iowa 53, 289 N. W. 746 (the question there involved was compensation due, under a very similar contract, for the laying of a second line), the record shows no circumstances prior to or contemporaneous with the agreements, which would aid in their interpretation. The ques-

tion before us concerns compensation for the removal of a pipe line and the stipulation of facts is of no assistance. We must examine these agreements in the light of the agreements themselves. We must give to the words used their reasonable and ordinary meaning. Weitz' Sons v. United States F. & G. Co., 206 Iowa 1025, 219 N. W. 411.

The receipt and release agreement says it acknowledges full compensation "sustained by him in consequence of—during laying of above line * * * This instrument * * * is in full force * * * concerning any additional lines * * *." Only *laying* of a line is mentioned, and under the maxim, "Expressio unius est exclusio alterius," all other matters connected with the pipe line are excluded. In re Trusteeship of Barnett, 217 Iowa 187, 251 N. W. 59.

The right-of-way agreement says:

"All damages to crops, * * * because of the laying of each line * * * shall be paid for as soon as said line or lines are completed. In addition to this there shall be paid on the laying of the first line of pipe an additional compensation at the rate of fifty cents (50¢) per rod * * *."

It is in connection with these provisions that the receipt and release agreement applies. The right-of-way agreement further provides:

"If the amount of damages to fences, crops and premises, which may be suffered by reason of laying, maintaining, operating, altering or removing said pipe lines cannot be mutually agreed upon, then same shall be ascertained and determined by three disinterested persons * * * A certain instrument * * * acknowledging receipt of damage * * * is the basis for damages should additional lines be laid."

There is no ambiguity in these agreements, insofar as the question of damages for removal is concerned. The parties to the agreement recognized that the *laying* of a line or lines placed a burden upon the real estate which is distinct from what may be called physical damages to the premises. They also recognized that, so far as a *removal* of a line is concerned, the

damage is of temporary nature and classed it along with damage suffered by maintaining and operating the line. If not mutually agreed upon arbitration should determine it. Under the pleading and stipulation of facts $65 is admittedly due appellees.

The judgment of the trial court, in holding appellees entitled to the same compensation for the removal of a line as for the laying thereof, is error, and should be and is—Reversed.

All JUSTICES concur.