J. REED RHODES et ux., appellees, v. IOWA STATE HIGHWAY COMMISSION, appellant; MOTT CONSTRUCTION COMPANY, and BOOTH & OLSON, INC., a corporation, defendants.

No. 49617.

(Reported in 94 N.W.2d 97)

JANUARY 13, 1959.

418

C. J. Lyman, Special Assistant Attorney General, James E. Thomson, General Counsel for Iowa State Highway Commission, and Bray, Carson & McCoy, of Oskaloosa, for appellant.

Gilbert & Stoddard, of Oskaloosa, for appellees.

HAYS, J.—Appeal under rule 332, Rules of Civil Procedure, from order overruling special appearance of defendant Iowa State Highway Commission.

Plaintiffs' petition is in two divisions.

Division I asks that said defendant be enjoined from proceeding with the construction on Highway 92 on the ground that such construction constitutes a "taking of their property" in violation of section 18, Article I, Constitution of Iowa. In substance, the petition states plaintiffs own certain real estate abutting on said highway on the south. In order that this highway abutting said property might be widened, they sold under contract to said Commission, acting for the State of Iowa, a strip of said real estate running parallel with the highway and extending south from its south boundary 120 feet. Possession was taken immediately, the construction work was commenced and full compensation, as set forth in the written contract of sale, has been paid. Located on said strip was a dwelling house and a commercial building, which, under the terms of the contract, plaintiffs were to move off the premises prior to March 30, 1958, and any building not so moved to become the property of the State of Iowa. The petition further alleges that pursuant to the terms of said agreement, they moved the buildings to a place designated by said Commission in order that the north end thereof would be not less than 10 feet south of the south boundary of the new highway; that due to error by said Commission the buildings, when moved, were located on said south boundary line with a part thereof overhanging the same, and that the acts and proposed acts of the Commission in the construction of the new highway is a "taking without just compensation."

Division II of the petition alleges that the written contract, due to a mistake, fails to express the true intent of the parties; that under the true contract the Commission agreed to designate

the place to which said buildings should be moved; that when moved they would be located not less than 10 feet south of the new south boundary of said highway and for which moving the State was to pay in addition to the amount paid for the land; due to an error in measurement by the Commission, the buildings, when moved, were located on the south boundary, instead of 10 feet south thereof, with part overhanging; that the payment of the amount stated in the contract was based upon the cost of moving said buildings to the point erroneously located by said Commission, and hence the payment of the amount designated in the contract does not constitute a full payment in accord with the terms of the true contract; that in order that the contract conform to the terms of the true contract it should be reformed by changing the agreed compensation of $13,328.40 to $29,694.80.

Defendant Highway Commission by its special appearance attacks the jurisdiction of the court primarily upon the basis of it being a suit against the sovereign State of Iowa acting in its sovereign capacity, and hence may not be sued.

I. All parties recognize the Highway Commission as an arm of the State, and that it cannot be interfered with by suit or other legal proceedings when performing its official duties for the sovereign, without fraud, illegality or in derogation of statutory authority. That the building of state highways is a function of the state must be conceded. However, in Hoover v. Iowa State Highway Commission, 207 Iowa 56, 222 N.W. 438, cited by appellees, the rule is announced that where said Commission in performing its statutory functions acts without authority and illegally, such action does not constitute an act by the State, and one who by such illegal action is damaged may have recourse in the courts of this State.

II. Under this rule, as to Division I, appellees allege the taking of private property for public use without just compensation in violation of section 18, Article I, Constitution of Iowa, relying upon Liddick v. Council Bluffs, 232 Iowa 197, 5 N.W.2d 361, and Anderlik v. Iowa State Highway Comm., 240 Iowa 919, 38 N.W.2d 605. Both cases adhere to the rule that material interference with the rights of ingress and egress and of light, air and view of owners of property abutting on

streets and highways is a taking of property of such owners for which compensation must first be made under section 18, Article I, of the Iowa Constitution. We recognize this rule and believe it to be a sound one but under the pleaded facts of Division I we are unable to see wherein the rule applies.

In both of the cited cases the improvement complained of was being done on an existing highway without the taking of additional right of way. In both instances the improvements were such as were never contemplated at the time the right of way was acquired. In the instant case additional right of way was acquired. It was recognized that ingress and egress would be altered and that the buildings upon the acquired additional right of way would have to be moved. This is evidenced by two provisions in the contract: (1) The conveyance is to be of a certain described tract *including all right of access* to and from said road except at a designated point. (2) The buildings are to be moved by the owner. To compensate therefor the contract provides: "Total Lump Sum, land, damage, moving house and market—$13,328.40." That the Commission in performance of its official duties is authorized to purchase rather than condemn, see section 306.13, Code of 1954, and, in so doing, it is a fair assumption to assume that the agreed compensation includes all the detrimental elements incidental to the taking. Nowhere do appellees assert that the Commission acted illegally, fraudulently or in derogation of statutory authority in procuring the right of way or that they have used or attempted to use more land than they purchased. Assuming the error, as set forth in Division I, to be properly presented to the court such does not bring the case within the rule announced in the Hoover case, supra, but must be governed by Porter v. Board of Supervisors, 238 Iowa 1399, 28 N.W.2d 841, which holds that before governmental functions may be enjoined something more than mere error must be shown—some equitable grounds such as fraud, illegality or want of authority. The trial court was in error as to Division I.

III. Division II alleges that through mutual mistake the contract does not set forth the true intention or agreement. It is not claimed that the written agreement does not include the entire contract, i.e., that it was part oral and part written.

Yet so far as the terms of the agreement are concerned, under which the compensation was agreed upon, there is no request for a reformation. It is requested that the contract be reformed as to the agreed compensation; that the State be held to a payment of an additional $16,366.40.

Appellees contend they may show the true contract without a reformation, and cite State v. Butka, 230 Iowa 928, 299 N.W. 420. That was an action for specific performance of a contract brought by the State. No question was presented concerning immunity of the State from suit, which is the only issue in the instant case. There, upon the theory that the contract was ambiguous, oral testimony upon behalf of the defendant was permitted to show the real contract. It should be noted that in the cited case the testimony was received as a defensive proposition and in no way involved a money judgment against the State. See 49 Am. Jur., States, Territories and Dependencies, section 84. In the instant case the single thing desired is an additional payment from the State, not asked directly as a money judgment but by the indirect method of saying, "pay this additional sum or you must start condemnation proceedings for property already purchased and paid for according to the written agreement." We think this Division of the petition is covered by such cases as Hollingshead Co. v. Board of Control, 196 Iowa 841, 195 N.W. 577; De Votie v. Iowa State Fair Board, 216 Iowa 281, 249 N.W. 429; Bachman v. Iowa State Highway Comm., 236 Iowa 778, 20 N.W.2d 18; State v. F. W. Fitch Co., 236 Iowa 208, 17 N.W.2d 380. The special appearance should have been sustained.

For the reasons above set forth the judgment of the trial court is reversed.—Reversed.

All JUSTICES concur except THORNTON, J., who takes no part.