LOREN HARVEY et al., appellants, v. IOWA STATE HIGHWAY COMMISSION et al., appellees.

No. 51445.

(Reported in 130 N.W.2d 725)

October 20, 1964.

H. S. Life, of Oskaloosa, for appellants.

Evan Hultman, Attorney General, C. J. Lyman, Assistant Attorney General, and A. Jackson Allen, State Counsel, of Ames, for appellees.

STUART, J.—Plaintiffs' petition seeking to enjoin the State Highway Commission from taking portions of their farms in relocating State highway 92 through Marion and Mahaska Counties was dismissed on defendants' motion. They elected to stand upon the pleadings and appealed.

 Doubtful pleadings attacked by a motion to dismiss are resolved against the pleader. Well pleaded, relevant and issuable facts are deemed true, but conclusions, not supported by pleaded ultimate facts, are not admitted. Hahn v. Ford Motor Co., 256 Iowa 27, 126 N.W.2d 350, and cases cited therein.

We treat the following facts alleged in the petition as true. Plaintiffs are residents of and landowners in Marion and Mahaska Counties. The highway commission proposes to take portions of plaintiffs' land to relocate State highway 92, including a new bridge across the Des Moines River, at a total cost between 5 and 6.5 million dollars. The present highway is 18 feet wide and in good repair, with certain exceptions, and can be repaired, widened to 24 feet and resurfaced adequately for all anticipated future needs for not to exceed 1.5 million dollars. Highway 92 is not a trunk highway and runs parallel to U. S. Highway 34

located 20 to 25 miles to the south which is being rebuilt across the state, and Interstate 80, a four-lane divided highway on the north. The traffic on highway 92 is decreasing and will decrease further when these two highways are completed.

The petition also includes paragraph 20 which states: "That no public need or convenience for the building of a new segment of highway 92 in Marion County and Mahaska County as proposed exists legally justifying the same and the expense thereof will constitute an arbitrary and unnecessary spending of public money and an arbitrary unnecessary taking by the defendants of the real-estate property of these plaintiffs and without justification or the existence of legal necessity and convenience therefor on the part of the state permitting or justifying under and by the law of eminent domain of the State of Iowa."

This paragraph is a pleading of conclusions which are not admitted in the motion unless supported by the ultimate facts just set out. Plaintiffs' quarrel is with the decision of the commission to relocate portions of highway 92 rather than repair and widen it in its present location. No other ultimate facts are pleaded. No bad faith, fraud or illegality is alleged. Accepting, for the purposes of the motion, plaintiffs' figures on the comparative costs of repairing and resurfacing the highway in its present location and the cost of relocating the road, and assuming that the repaired road would be adequate for all anticipated future needs, do these facts constitute such illegal and arbitrary action on the part of the commission that we may interfere? We conclude, as did the trial court, that they do not.

When the highway commission acts within the powers conferred upon it by statute its discretion is broad and plenary. In the absence of fraud, bad faith or arbitrary abuse of that discretion, the courts have no power to control the manner in which it shall exercise the authority with which it has been invested. Barrett v. Kemp, 91 Iowa 296, 299, 59 N.W. 76; Bennett v. City of Marion, 106 Iowa 628, 630, 76 N.W. 844; Brush v. Incorporated Town of Liscomb, 202 Iowa 1155, 1156, 211 N.W. 856; Minear v. Plowman, 197 Iowa 1188, 1191, 197 N.W. 67; Long v. State Highway Commission, 204 Iowa 376, 378, 213 N.W. 532; Hoover v. Iowa State Highway Commission,

207 Iowa 56, 58, 222 N.W. 438; Porter v. Iowa State Highway Commission, 241 Iowa 1208, 1217, 44 N.W.2d 682; Rhodes v. Iowa State Highway Commission, 250 Iowa 416, 419, 94 N.W.2d 97; Warren v. Iowa State Highway Commission, 250 Iowa 473, 486, 93 N.W.2d 60; Batcheller v. Iowa State Highway Commission, 251 Iowa 364, 368, 101 N.W.2d 30; A and S, Inc. v. Iowa State Highway Commission, 253 Iowa 1377, 1384, 1389, 1391, 116 N.W.2d 496; 14 Am. Jur. 392, Courts, section 198; 25 Am. Jur., Highways, page 354, section 26, page 359, section 34, page 374, section 60; see annotation, 91 A. L. R. 242.

██ Plaintiffs concede that the highway commission is the state agency possessing control of and dominion over the primary highway system. This includes the determination of the location and design of the highways. We are asked to subject the commission's judgment to review by the courts upon a pleading that an adequate road can be provided at a much cheaper cost in some other manner. Such a holding would have far-reaching effects. There have probably been very few miles of road constructed in the state about which there has not been a difference of opinion as to its advisability and practicality. To permit a person to base an action upon such reasons and enjoin further proceedings until a factual determination is made, could stall the whole road building program and require the commission to spend much time and money justifying its decisions in court. Such decisions must necessarily be made by commission and the courts would be unduly interfering in an administrative matter if it undertook to impose its judgment on the commission for the reasons pleaded.

Plaintiffs cite In re Condemnation of Certain Land (Havner v. Iowa State Highway Commission), 230 Iowa 1069, 300 N.W. 287, in which we affirmed the trial court's decision holding the condemnation of plaintiffs' land in the angle of converging highways was not for a public purpose. There is no factual similarity to this case. There, the taking was obviously to prevent the construction of a gasoline station at the location condemned. Here, there is a complete relocation of a portion of a primary highway. It may be well to note also that we probably would not reach the same result at the present time in view of the authority

granted the commission under the provisions of the Controlled-Access Highways Act, chapter 306A of the Code.

We are not saying that matters cannot be alleged in a petition which would indicate such arbitrary and illegal action that the court would be justified in determining whether there was an abuse of discretion. Nor are we conceding that we have abandoned authority to determine what is public use. We are deciding only the case before us and hold that the matters alleged in this petition are such that they come within the exclusive discretion of the highway commission and it is beyond the authority of the courts to pass upon the judgment of the commission here.— Affirmed.

All JUSTICES concur except HAYS, J., not sitting.