FRANK B. RACE and MARGARET ARMSTRONG RACE, appellants, v. IOWA ELECTRIC LIGHT AND POWER COMPANY, appellee.

No. 51531.

(Reported in 134 N.W.2d 335)

702

April 6, 1965.

Allen & Fishel, of Marion, and Remley & Heiserman, of Anamosa, for appellants.

John F. Gaston, Ted P. Lewis and Lynch, Dallas, Smith & Harman, all of Cedar Rapids, for appellee.

THORNTON, J. — Plaintiffs are landowners. Defendant, Power Company, has obtained a franchise from the Iowa State Commerce Commission, and condemned certain of plaintiffs' lands for an electric transmission line. From the award of the sheriff's jury plaintiffs appealed to the district court.

Division II of plaintiffs' petition alleges in substance chapter 489, Code of Iowa, 1958, under which the commission pur-

ported to act, is unconstitutional, there was no showing or finding of a public necessity for the taking of plaintiffs' land, and in fact the taking of plaintiffs' land was not necessary, that necessity was not litigated before the commerce commission, that defendant has taken possession of plaintiffs' land and is a trespasser. They prayed the franchise and all proceedings be set aside, defendant be ordered to remove its lines and poles and vacate the premises, and they have damages for trespass.

On motion of defendant the district court dismissed Division II. Plaintiffs appeal.

I. Plaintiffs first urge for reversal chapter 489, Code of Iowa, 1958 (applicable here, the hearing before the commission was January 20, 1962), as it then stood is unconstitutional as denying due process as a matter of law in that it purports to authorize a private person to condemn private property for a private purpose in that a showing of public necessity or the necessity of taking the particular route is not required and a finding of necessity by the commission is not required.

██ ██ It is settled private property may only be taken for a public use. There must be a public necessity for such use. Only property necessary for the public use may be taken. This is the import of Article I, section 18, Iowa Constitution, "Private property shall not be taken for public use without just compensation * * *."

██ It is also settled the transmission of electric current for distribution to the public is a public use for which the power of eminent domain may be exercised. Vittetoe v. Iowa Southern Utilities Co., 255 Iowa 805, 809, 123 N.W.2d 878.

Plaintiffs' principal assault is on section 489.5. It provides in pertinent part, for filing objections and, "The * * * commission may examine the proposed route or cause any engineer selected by it to do so. It shall consider said petition and any objections filed thereto, and may hear such testimony as may aid it in determining the propriety of granting such franchise. It may grant such franchise in whole or in part upon such terms, conditions, and restrictions, and with such modifications as to location and route as may seem to it just and proper."

Section 489.14 provides one who has secured a franchise

"* * * shall thereupon be vested with the right of eminent domain to such extent as may be necessary and as prescribed and approved by the * * * commission, * * *."

Plaintiffs urge section 489.5 is unconstitutional as it permits the taking of private property for a private purpose in that there is no requirement public necessity be shown, that petitioner establish the necessity of the proposed line over a particular route, or that the commission make a finding of necessity in such particulars.

Section 489.5 when examined in light of the other sections of chapter 489 is not vulnerable to the attack of plaintiffs. Under section 489.5 the commission may cause an engineer to examine the proposed route. That was done in this case. The commission is directed to consider the petition and any objections and hear such evidence as will aid it in determining the propriety of granting the franchise. This means the commission must consider the allegations of the petition, its sufficiency in complying with sections 489.2 and 489.3; the evidence in support of it, the objections and evidence in support of such before it would be proper to grant a franchise. Section 489.2 provides for filing of a petition asking for a franchise to erect a transmission line "* * * necessary for conducting electric current for light, heat, or power * * *, and to acquire necessary interests in real estate for such purposes."

Section 489.3 requires the petition to set forth the name and principal place of business of petitioner, the route of the proposed line in detail, a general description of the land over which the line is to pass, general specifications as to materials and manner of construction and maximum voltage to be carried. Section 489.4 requires the commission to fix a date for hearing and cause a notice thereof to be published.

It is apparent, if the above allegations are in the petition and evidence offered in support of them, a finding by the commission it is proper to grant a franchise over a particular route includes a finding of a public use, public necessity for the use, and the specified real estate is necessary for such purpose. It is also true that the petitioner has the burden of proof on all

of these required allegations. A party having the affirmative of a proposition is always required to prove it.

At least one of the purposes of providing for objections is to allow those interested to attack both the petition and the petitioner's evidence in the particulars required to be alleged. It is not to raise the issue of the value of the land.

The commission cannot make a determination that it is proper to grant a franchise without considering and passing on the matters required by chapter 489. If they fail to consider these matters the franchise is invalid. That was the reason for decision in Vittetoe v. Iowa Southern Utilities Co., 255 Iowa 805, 123 N.W.2d 878.

Section 489.14 provides, in pertinent part, the one having obtained the franchise "* * * shall thereupon be vested with the right of eminent domain to such extent as may be necessary and as prescribed and approved by the * * * commission, * * *."

The import thereof is, the right of eminent domain is limited to the extent necessary as found by the commission and prescribed and approved by it. Determination of the extent necessary is not left for future determination. Under section 489.5 the commission is required to make that determination. It is true the condemnor may elect to take less. De Penning v. Iowa Power & Light Co., 239 Iowa 950, 956, 957, 33 N.W.2d 503, 507, 5 A. L. R.2d 716.

It follows chapter 489 is not unconstitutional for the reasons urged.

We have not overlooked that the Sixtieth General Assembly, chapter 285, amended chapter 489, Code of Iowa, 1962, as stated in the title of the Act, "* * * to clarify the authority of the commerce commission to determine whether such lines serve the public use before authorization of franchise or eminent domain."

Section 489.5 is amended by inserting therein, "Before granting such franchise, the board or commission shall make a finding that the proposed line or lines are necessary to serve a public use."

Section 489.14 is amended by adding, "The burden of proving the necessity for public use shall be on the person, company or corporation seeking the right of eminent domain.", by striking

therefrom, "may be necessary and as prescribed and approved by the board or commission", and substituting in lieu thereof, "the board or commission may approve, prescribe and find to be necessary for public use".

These amendments set out what the chapter already required.

II. Plaintiffs' next complaints are that they alleged in Division II there was no necessity for the taking of plaintiffs' lands for the proposed use, they are entitled to a trial on this issue and there is no evidence in the record upon which this may be decided against them as a matter of law, and that such issues were not litigated or findings made thereon by the commerce commission.

They are mistaken. The purpose of chapter 489 is to confer jurisdiction on the commerce commission to determine the necessity of taking the particular property for the proposed use. The legality of the determination of the commission may be tested on appeal in this type of action. Vittetoe v. Iowa Southern Utilities Co., 255 Iowa 805, 123 N.W.2d 878. However, this issue is not tried de novo. The commission is the tribunal set up by the legislature for the purpose of determining the public use, the necessity of such use, and the land, and amount thereof to be taken for it.

If the evidence before the commission is sufficient to support the granting of the franchise as granted, and the commission has not acted arbitrarily, capriciously, in bad faith or fraudulently, its determination is not subject to review by the courts. Harvey v. Iowa State Highway Commission, 256 Iowa 1229, 1231, 130 N.W.2d 725, 727, 728; and Reter v. Davenport, R. I. & N.W. Ry. Co., 243 Iowa 1112, 1122–1124, 54 N.W.2d 863, 869, 870, 35 A. L. R.2d 1306.

The bare allegation that plaintiffs' land is not necessary for the use is insufficient to raise an issue triable in the courts.

Plaintiffs in fact negatived their allegation that the taking of their land was unnecessary when they amended their Division II and set out the decision and order of the commission. This decision and order shows a petition was filed in substantial com-

pliance with sections 489.2 and 489.3. Notice was served. Petitioner produced testimony showing the proposed route and alternate routes. A showing was made as to the public necessity in the fast-moving development of the area to be served. Objections of a Mr. Copper were considered and a letter to the commission by plaintiffs. Plaintiffs' letter indicated a dissatisfaction with the compensation offered. It appears the commission's engineer examined the proposed route and alternate routes. His conclusion was the proposed one was the best one for the purpose. In its "Discussion and Findings" the commission said,

"We have examined this proposal quite closely and have endeavored to consider the benefits that will accrue to the public as a whole as against the claims of the objectors. * * * We are of the conclusion that the benefits to the public override these of the objectors and that a franchise should be granted as applied for by the applicant."

These findings are not specific but general, that the franchise should be granted as applied for by the applicant. As pointed out, the recitations in the decision and order show sufficient evidence was considered to sustain granting the franchise. Findings of fact are broadly and liberally construed rather than narrowly or technically. They are construed to uphold rather than defeat the order made, effect is given to what is implied as well as stated. This is true of the findings of a trial court and is applicable to the findings of the commerce commission. Sheahan v. Plagge, 255 Iowa 182, 187, 121 N.W.2d 120, 123; Rose v. John Deere Ottumwa Works, 247 Iowa 900, 907, 76 N.W.2d 756; and 2 Am. Jur.2d, Administrative Law, section 456, pages 271, 272.

This is not a case as Vittetoe v. Iowa Southern Utilities Co., 255 Iowa 805, 123 N.W.2d 878, where the commission refused to consider the question of necessity to condemn the particular land in question. Here the decision and order shows evidence was taken and considered which supports granting the franchise.— Affirmed.

All JUSTICES concur.