HENRY J. HINRICHS et al., appellants, v. IOWA STATE HIGHWAY COMMISSION and BOARD OF SUPERVISORS OF CASS COUNTY, appellees.

No. 52512.

(Reported in 152 N.W.2d 248)

1116

July 11, 1967.

Donald P. Baird, of Council Bluffs, Ralph W. Cockshoot and Donald P. Reel, both of Atlantic, and Lawrence R. Brodkey, of Omaha, Nebraska, all for appellants.

Richard C. Turner, Attorney General, of Des Moines, Robert N. Merillat, Special Assistant Attorney General, Counsel to Iowa State Highway Commission, of Ames, James E. Graham, Assistant Attorney General, of Ames, and S. Howard Rudolph, Jr., of Atlantic, for appellees.

RAWLINGS, J.—Plaintiffs brought four separate actions, all involving closure of a secondary road. Challenging motions were filed by defendants in each case. From ruling by the trial court adverse to plaintiffs in each instance, they appeal. We affirm.

The Iowa State Highway Commission caused Buck Creek Road, a north-south secondary road, to be closed at a point in Cass County where it meets and intersects the right-of-way of Interstate 80, a controlled-access facility.

By their first action (No. 16610), filed May 4, 1964, plaintiffs sought an injunction restraining the Cass County Board of Supervisors from closing Buck Creek Road, hereinafter some-

times referred to as the Road, at the aforesaid intersecting point, or from delegating authority to defendant highway commission to do so.

The second action (No. 16630) was filed July 1, 1964. Here plaintiffs sought to restrain defendant commission from closing the Road, claiming hearing had not been conducted in accord with chapters 306 and 306A, Code of Iowa, that the closure action about to be taken was illegal and without due process of law.

Then August 27, 1964, plaintiffs appealed to the district court (No. 16664) from the resolution of defendant commission overruling plaintiffs' objections to closure of the road and denying them damages. The damage claim was based upon an alleged decrease in value of their land by the closure action, and a violation of their contractual right to have the Road kept open, having contributed to its improvement under Code chapter 311.

December 23, 1964, plaintiffs sought a judicial review by certiorari (No. 16711) of defendant commission's closure proceedings and denial of damages to plaintiffs.

Motions by defendants to dismiss cases No. 16610, No. 16630 and No. 16664, and to quash in case No. 16711, were sustained by the trial court.

One subject, closure of the Road, is a basic and common factor in all of these actions. On plaintiffs' application, defendants having consented, we ordered consolidation of the four cases on appeal. They are accordingly entertained, although the record is not in usual form. As a result, and in order to avoid delay and additional costs, the original files have been certified to this court and will be referred to by us where necessary.

The issues to be considered on this appeal must be resolved upon the basis of the pleadings filed.

█ I. Plaintiffs contend defendant highway commission exceeded its authority and jurisdiction by ordering a grade separation at the intersecting point of the two roadways *and* by closing the Road. Plaintiffs' pleadings would entitle them to no relief on this claim.

They invoke Code section 306A.6, which allows cities, towns and highway authorities to provide for elimination of intersections with a controlled-access facility by grade separation, or service road, *or* by closing off roads at the right-of-way boundary line of the favored highway. It is claimed defendant commission effected a grade separation *and* closed a road.

Here some rationalization of the factual situation revealed by the pleadings is required.

Mr. McCrory and Mr. Nelson owned land abutting the Road, a portion of their properties being located within the right-of-way lines of Interstate 80.

Some of the land owned by these abutting owners was taken by condemnation proceedings in connection with construction of the interstate. This left them with some land to the south, and some made inaccessible to them by construction of the new highway.

At the point or area here concerned, two bridges were required to span the stream identified as Buck Creek.

In connection with the settlement of condemnation actions taken in order to obtain a needed portion of the land owned by McCrory and Nelson, they were granted a private right of access to their property, otherwise inaccessible, by passage under the east end of the interstate bridges. As a part of this arrangement these landowners agreed to contribute a substantial sum to cover increased costs in connection with construction of the bridge over Buck Creek, a revised plan being necessary to permit their usage of this private access route.

The question now presented is whether the placement of these bridges, with the grant of a private interconnecting route to McCrory and Nelson under them, constitutes a grade separation.

In recent years controlled-access highways have become a virtual necessity in many areas. Where public safety and convenience dictate, grade separations are often effected to provide two or more separate paths of travel which would otherwise intersect. See in this regard Christensen v. Board of Supervisors, 253 Iowa 978, 982, 114 N.W.2d 897.

The term "grade separation", when used in connection

with the establishment of variant levels in any one area for the movement of traffic, usually means artificially created differences in level as distinguished from the bridging of natural contours of the earth.

Buck Creek, where it passes under Interstate 80, runs north and south and lies at the base of a gully.

Construction of the bridges over this creek did not constitute a grade separation. That was not their function. They were built to span an existing gully and differed in no material respect from a bridge built over any type of depressed area. The creek bed, not the Road, necessitated construction of these bridges. In this regard see Southern Ry. Co. v. South Carolina State Hwy. Dept., 237 S. C. 75, 115 S.E.2d 685, 688.

In the instant case that portion of the Road north of the point of closure was simply rerouted under the bridges, creating a limited underpass for the use of McCrory and Nelson.

Under these circumstances no grade separation was here effected.

Plaintiffs' allegation to the effect defendant highway commission had neither the authority nor jurisdiction to close the Road and provide a grade separation is without substance.

The foregoing serves to effectively dispose of the first two propositions urged by plaintiffs in support of their appeal.

II. It is also contended, closing the Road to travel by the public but permitting private use of the closed portion violates certain of plaintiffs' constitutional and statutory rights. This allegation would entitle plaintiffs to no relief sought by their pleadings.

As best we can determine they claimed, in the trial court, a violation of rights under Amendment 14, United States Constitution, and Article I, section 9, Constitution of Iowa.

Now, for the first time, an attempt is made to invoke Article III, section 30, and Article I, section 6, of the Iowa Constitution.

This is nothing more nor less than an effort by plaintiffs to mend their hold in this court.

Those constitutional questions raised here for the first time will not be considered. See Jacobs v. City of Chariton, 245 Iowa

1378, 1393, 1394, 65 N.W.2d 561, and Shugart v. Maytag, 188 Iowa 916, 924, 176 N.W. 886.

On the point with which we are now dealing, plaintiffs' argument again falls of its own weight.

McCrory and Nelson were not granted use of a *highway* to the exclusion of any use of same by these plaintiffs or others.

The highways of this state are constitutionally classified as: (1) primary, (2) institutional, (3) secondary, and (4) state park. Code sections 306.1 and 306.2.

Being creatures of the law they may be altered, vacated or closed at anytime. *This cannot be prevented by anyone upon the basis of a vested right to keep them open.* Code section 306.4, and Warren v. Iowa State Highway Commission, 250 Iowa 473, 477, 93 N.W.2d 60.

These authorities serve to effectively dispose of any claim by plaintiffs that the Road could not be closed because they had contributed to its improvement, giving them a contractual right to have it kept open for their unrestricted use.

A secondary road, improved by the contributions of adjacent or abutting landowners, remains an integral part of the state highway system, and becomes in no sense a private or semi-private roadway. No contributor acquires a vested or contractual right in it.

The Road was closed where it met and intersected the interstate right-of-way, and the access route allowed McCrory and Nelson has not since been a road, highway or public thoroughfare.

III. The matter of procedure followed by defendant commission in closing the Road is also challenged by plaintiffs.

Here again their pleadings disclose no basis upon which any relief could be granted.

They allege the hearing held preliminary to closure was not conducted according to law, in violation of their constitutional rights.

Their pleadings disclose: (1) notice of a hearing relative to the proposed closure was given, (2) plaintiffs appeared at time of hearing and objected because employees of defendant

commission were there to conduct the hearing, (3) no member of the commission was present, and (4) a hearing was held.

It is claimed this was contrary to Code sections 306.3, 306A.6 and 307.1, and violated plaintiffs' rights under section 1, Amendment 14, Constitution of the United States, and Article I, section 9, of the Iowa Constitution.

There is no allegation in plaintiffs' pleadings that defendants were guilty of fraud, bad faith or arbitrary abuse of discretion in any actions taken.

In that regard this court said in Harvey v. Iowa State Highway Commission, 256 Iowa 1229, 1231, 130 N.W.2d 725: "When the highway commission acts within the powers conferred upon it by statute its discretion is broad and plenary. In the absence of fraud, bad faith or arbitrary abuse of that discretion, the courts have no power to control the manner in which it shall exercise the authority with which it has been invested."

And a mere allegation to the effect employees of the commission conducted the hearing was not a sufficient basis upon which to grant them any relief.

Plaintiffs' complaint actually goes to the matter of mechanics employed in connection with the hearing held.

By Code section 307.5(3) defendant commission is empowered to appoint all assistants necessary to carry out its work and to define their duties.

Section 306.8 provides the commission or any interested person may appear and be heard at any such meeting as that with which we are here concerned.

After a hearing has been held, the commission is required to enter an order in accord with Code section 306.10.

To say this means the members of defendant commission must personally conduct every preroad-closure meeting would be unreasonable and seemingly in conflict with persuasive authority.

It is evident we are here dealing with administrative procedures.

In 2 Am. Jur.2d, Administrative Law, section 407, pages 217, 218, is the following pertinent statement: "While particular statutes may create certain restrictions, it is generally regarded that the fact that the power to decide resides solely in

the administrative agency vested by statute with such power does not preclude a delegation of the power to hold a hearing and conduct the proceedings on the basis of which the decision will be made. *Neither does due process of law or the concept of a fair or full hearing require that the actual taking of testimony be before the same officers as are to determine the matter involved. Whether or not expressly authorized by statute, it is permissible, and does not render a hearing inadequate or unlawful, for an administrative* agency to employ the panel method of hearing in which one or more members of the agency takes the testimony in the matter before the agency, or *to employ other persons, such as an examiner, investigator, or referee, to obtain the evidence and conduct the hearings, and make a report to the agency upon which the agency makes its decision. Such procedure is a practical necessity."* (Emphasis supplied.)

Additional light is shed upon the subject in 2 Am. Jur.2d, Administrative Law, section 437, page 245, by this comment: *"Neither due process of law nor the concept of a full or fair hearing requires that the actual taking of testimony be before the same officers as are to determine the matter involved,* and it is common for hearings to be conducted by less than all members of an administrative agency or by examiners or hearing officers appointed for that purpose, the hearing officer not making the decision or making no more than a recommended decision. * * * In this connection it is recognized that *to 'hear' relates, not to physical presence at the taking of evidence, but to certain procedural minimums to ensure an informed judgment by the one who has the responsibility of making the final decision and order."* (Emphasis supplied.)

See also Administrative Law Text, Hornbook Series by Davis, sections 11:20 and 11:21, pages 211–214.

 Absent any statute to the contrary, we find no compelling cause to hold the members of defendant commission were required to personally attend or conduct the public hearing held prior to the Buck Creek Road closure decision, and no prejudice to plaintiffs is claimed to have resulted by reason of their absence. In that connection it is presumed the proceedings by

defendant commission were regular. Code section 622.56, and Wheeler v. Riggs, 222 Iowa 1373, 1376, 271 N.W. 509.

IV. Pursuing the matter of due process one more step, plaintiffs' pleadings do *not* disclose they: (1) owned any land taken for construction of the new interstate, (2) had property adjacent to it, (3) had land abutting upon the closed portion of the Road, or (4) have been denied access to and use of that portion of the Road not closed.

Turning again to Warren v. Iowa State Highway Commission, supra, loc. cit., 250 Iowa 480, we held the commission may close off state and county roads at their intersection with controlled-access facilities under authority granted by section 306A.6 without resorting to the procedure provided by chapter 306.

Other than the matter of conduct of the statutory hearing, previously resolved by us adverse to plaintiffs, they allege nothing which would stand as a violation of their asserted constitutional rights.

They do refer to Title 23, section 128, U. S. C., but this congressional enactment contains no provisions which support their claimed denial of constitutional rights. It provides a public hearing be held and a certificate accordingly filed.

In the instant case notice was given, a public hearing held and plaintiffs were in attendance. They had an opportunity to voice their views and objections.

In State of Missouri ex rel. Hurwitz v. North, 271 U. S. 40, 42, 46 S. Ct. 384, 385, 70 L. Ed. 818, 821, the United States Supreme Court said: "It has been so often pointed out in the opinions of this Court that the Fourteenth Amendment is concerned with the substance and not with the forms of procedure, as to make unnecessary any extended discussion of the question here presented. The due process clause does not guarantee to a citizen of a State any particular form or method of state procedure. Its requirements are satisfied if he has reasonable notice, and reasonable opportunity to be heard and to present his claim or defense; due regard being had to the nature of the proceedings and the character of the rights which may be affected by it." (Authorities cited.)

On this subject see also Koelling v. Board of Trustees of Mary F. Skiff M. H., 259 Iowa 1185, 146 N.W.2d 284, 291–294, and Piekarski v. Smith, 37 Del. Ch. 594, 147 A.2d 176, 182.

Furthermore, the Act of Congress with which we are here concerned requires nothing more than that a hearing be held to assure an opportunity for expression of views by the public, assure consideration of economic effects of the location of an interstate highway, and promote the wise use of Federal funds. Hoffman v. Stevens, 177 F. Supp. 898.

And no provision in this Federal Act compels these hearings be conducted as quasi-judicial proceedings. Linnecke v. Department of Highways, 76 Nev. 26, 348 P.2d 235, 238.

We are of the opinion and now hold plaintiffs' pleadings reveal no genuine violation of their constitutional rights under Amendment 14, United States Constitution, or Article I, section 9, Constitution of Iowa.

V. Next to be considered is the matter of plaintiffs' request for review by certiorari of the action of defendant commission in overruling their objections to the proposed closing of that part of the road lying within the interstate right-of-way, and denial of their claim of right to damages because of the closure.

"Eminent Domain" is the taking of private property for a public use for which compensation must be given. On the other hand "Police Power" controls and regulates the use of property for the public good for which no compensation need be made. Fort Dodge, D. M. & So. Ry. v. American Community Stores Corp., 256 Iowa 1344, 1354, 131 N.W.2d 515. See also City of Des Moines v. Manhattan Oil Co., 193 Iowa 1096, 1107–1109, 184 N.W. 823, 23 A. L. R. 1322.

We also held in Fort Dodge, D. M. & So. Ry. v. American Community Stores Corp., 256 Iowa 1344, 1354, 131 N.W.2d 515: "The right of access inherent in the ownership of property may be sold or waived. It may be taken by eminent domain. When so taken it is compensable. A taking through the exercise of police power is noncompensable. Warren v. Iowa State Highway Commission, 250 Iowa 473, 478, 93 N.W.2d 60. Belle v.

Iowa State Highway Commission, supra, loc. cit. 53 of 256 Iowa and page 317 of 126 N.W.2d."

Also, in Warren v. Iowa State Highway Commission, supra, loc. cit., 250 Iowa 484, this court said: "* * * property which does not abut upon the portion of the road vacated, and the access of which to the general system of highways is not impaired by the vacation, is not specially damaged. This is the rule adduced from the Iowa cases discussed above, and is supported by a great number of authorities in other jurisdictions." (Authorities cited.)

In the same case, loc. cit., 250 Iowa 485, is this pertinent statement: "* * * one whose property abuts upon a roadway, a part of which is closed or vacated, *has no special damage if his lands do not abut upon the closed or vacated portion so that his right of ingress and egress is not affected. If he has the same access to the general highway system as before, his injury is the same in kind as that suffered by the general public and is not compensable. * * * Some will be shut off from their formerly direct route to the nearest city or town. They will be considerably inconvenienced in visiting these places for shopping purposes, or in taking their livestock or grain to market.* Persons in the city or town desiring to visit farms along the road for business or social purposes must go farther and on other roads to reach their destinations which may lie on the other side of U. S. Highway No. 35. *But they have no recourse in damages."* (Emphasis supplied.)

On the point with which we are here dealing, Warren v. Iowa State Highway Commission, supra, appears to be controlling.

 Plaintiffs allege only, their land abuts Buck Creek Road, not that it abuts the vacated portion of it.

Neither do they claim any denial of access to the Road.

Any detriment to them by the limited closure is the same as that imposed on the public generally. They may be required to travel a more circuitous route than before, but this entitled them to no compensation. See A and S, Inc. v. Iowa State Highway Commission, 253 Iowa 1377, 1386, 116 N.W.2d 496; Nelson v. Iowa State Highway Commission, 253 Iowa 1248, 1251, 115

N.W.2d 695; and Christensen v. Board of Supervisors, 253 Iowa 978, 981, 982, 114 N.W.2d 897.

As previously revealed, the Iowa State Highway Commission has broad powers with which we will not interfere absent fraud, bad faith, or abuse of discretion, and plaintiffs have alleged no ultimate facts disclosing abuse of authority.

They assert no factual basis upon which relief could be accorded them by reason of the overruling of their objections to the proposed closure, or denial of any claimed damages.

VI. As already indicated we have been limited to the pleadings filed in each of the four cases here involved.

In that regard, a doubtful pleading is resolved against the pleader when attacked before issue is joined or in the answer. When considering a motion to dismiss, well-pleaded, relevant, issuable facts are deemed true, but conclusions not supported by pleaded ultimate facts are not admitted. Gardner v. Charles City, 259 Iowa 506, 144 N.W.2d 915, 917; Hahn v. Ford Motor Co., 256 Iowa 27, 29, 126 N.W.2d 350; and Newton v. City of Grundy Center, 246 Iowa 916, 919–921, 70 N.W.2d 162.

A pleading which does not state a claim on which any relief can be granted is subject to dismissal when challenged by timely motion to dismiss. Rule 104, R. C. P., and Newton v. City of Grundy Center, supra.

Also, when a court is called upon to entertain a motion to quash in certiorari, plaintiffs' well-pleaded allegations are taken as true. Hohl v. Board of Education, 250 Iowa 502, 505, 506, 94 N.W.2d 787.

However, the purpose of a writ of certiorari is not to review mere errors, its function being to annul proceedings where it appears, with some qualifications not here involved, an official, inferior tribunal or court has exceeded his or its jurisdiction or acted illegally. See rule 306, R. C. P.

Holding as we do, the petition in case No. 16711 contains no allegations of ultimate fact disclosing defendant highway commission had no jurisdiction, exceeded its authority or otherwise acted illegally, it follows the action in certiorari cannot stand. Plaintiffs' remedy, if any, was by appeal. Code sections 306A.6, and 306.5–306.11; Christensen v. Board of Supervisors,

253 Iowa 978, 981, 114 N.W.2d 897; Hohl v. Board of Education, supra, loc. cit., 250 Iowa 509; and County Board of Education v. Parker, 242 Iowa 1, 11, 45 N.W.2d 567.

 The proper instrumentality by which to challenge a proceeding in certiorari is by motion to quash which should be sustained where the petition discloses the writ was improvidently granted, and the remedy is by appeal. Price v. Town of Earlham, 175 Iowa 576, 579, 157 N.W. 238, and 14 Am. Jur.2d, Certiorari, sections 54 and 55, page 824.

VII. The test in each case now before us is whether plaintiffs properly asserted ultimate facts upon which they could be accorded any relief under the law.

Having considered all pleadings in the light of these controlling principles, we find no basis upon which to hold the trial court erred in sustaining motions to dismiss in cases No. 16610, No. 16630 and No. 16664, and the motion to quash in case No. 16711.

An affirmance being in order, the costs hereof are taxed to plaintiffs.

Affirmed on all appeals.

All JUSTICES concur.