Mark APPLING, a Minor, by Sharon Ruth Preminger, his Mother and Next Friend, and Sharon Ruth Preminger, Individually, Appellants,

v.

Gary L. STUCK and Nancy A. Stuck, Appellees.

No. 53302.

Supreme Court of Iowa.

Feb. 11, 1969.

Abramson, Myers, Myers & Anderson, Des Moines, for appellants.

Patterson, Lorentzen, Duffield, Timmons & Irish, Des Moines, for appellees.

SNELL, Justice.

Plaintiffs appealed from the sustaining of defendants' motion to dismiss. On appeal the parties agree that appellants' statement of the case and facts is sufficient. We adopt the statement.

This is an action at law by a mother, individually and as next friend of her six-year-old son, to recover damages for personal injuries sustained by the child when he fell from an adult size two-wheel bicycle while attempting to ride the same while at play upon the premises of a neighbor.

Plaintiff, Mark Appling, is a six-year-old child. On September 8, 1967, while playing on the premises of the defendants with their child, the plaintiff child became attracted to an adult size two-wheel bicycle which belonged to defendants and was then on their premises. In attempting to ride the bicycle, the child lost his balance and fell and sustained the personal injuries complained of. Plaintiffs further allege that, at the time of the accident, defendants knew, or in the exercise of ordinary care should have known, that the child was on their property and was attempting to ride the bicycle, that he was unable to do so without assistance and supervision, and that, because of the child's age, he did not appreciate the dangers involved.

The trial court held, as a matter of law, that the doctrine of attractive nuisance was not applicable under the pleadings, and that defendants owed no duty to protect the six-year-old child from the risk of the danger alleged.

I. As this case is before us on the sufficiency of plaintffs' petition to state a cause of action under attack by motion to dismiss some well settled rules of pleading should be kept in mind and unnecessary uncertainty removed. Our most recent pronouncements state the applicable rules.

In Reed v. Harvey, 253 Iowa 10, 110 N. W.2d 442, the alleged deficiency of plaintiffs' petition was first claimed in a motion for directed verdict. We said:

"When a doubtful pleading is attacked by motion, demurrer or, as permitted by rule 72, Rules of Civil Procedure, in the answer, it will be resolved against the pleader. But after issue is joined without raising any 'points of law appearing on the face of the petition' (rule 72), it will be liberally construed in order to effectuate justice between the parties. The pleader will be accorded the advantage of every reasonable intendment, even to implications, regardless of technical objections or informalities. This is the effect of rule 67."

Subsequent pronouncements are in accord.

"On a direct attack a doubtful pleading is resolved against the pleader." Eaton v. Downey, 254 Iowa 573, 579, 118 N.W.2d 583.

"Where as here a doubtful pleading is attacked by motion before issue is joined it will be resolved against the pleader. [Citation] If, however, the petition does allege ultimate facts upon which plaintiff might recover and states a claim under which evidence may be introduced in support thereof, or if attack is delayed, the complaint should be construed in the light most favorable to the plaintiff with doubts resolved in his favor and the allegations accepted as true." Anthes v. Anthes, 255 Iowa 497, 503, 122 N.W.2d 255, 258.

" 'A doubtful pleading is resolved against the pleader when attacked before issue is joined or in the answer.' [Citations] When considering a motion to dismiss, well pleaded, relevant and issuable facts are deemed true, [Citation] but conclusions which are not supported by pleaded ultimate facts are not admitted. [Citations] A motion to dismiss which does not disclose wherein the pleading is claimed to be insufficient should be overruled. [Citations]" Hahn v. Ford Motor Co., 256 Iowa 27, 29, 126 N.W.2d 350, 352.

See also Ontario Livestock Comm. Co. v. Flynn, 256 Iowa 116, 124, 125, 126 N.W.2d 362.

In Winneshiek Mutual Ins. Assn. v. Roach, 257 Iowa 354, 132 N.W.2d 436, an "unduly complicated" case, we considered the sufficiency of a cross-petition in accordance with the rule and were not persuaded that it stated an unenforceable claim except for unsupported conclusions. "Where as here a doubtful pleading is directly attacked by motion before issue is joined or in the answer as permitted by rule 72, R.C.P., it will be resolved against the pleader." (loc. cit. 366, 132 N.W.2d 444, loc. cit.) On page 367, of 257 Iowa, on page 444 of 132 N.W.2d this appears:

" '* * * a pleader must plead the ultimate facts in the case. He cannot plead conclusions by themselves. A good pleading consists of the statements of the ultimate facts in the case, and, when so stated, the pleader has a right to plead his conclusions based upon those facts' [Citations]. * * *"

See also Gardner v. City of Charles City, 259 Iowa 506, 508, 144 N.W.2d 915.

■ What these rules mean is that a pleading must present a legally justiciable issue. A deficiency will not be supplied by the court.

■ Under these rules if a pleading is of doubtful sufficiency as a matter of law and is subjected to timely attack the doubt will be resolved against the pleader.

If a pleading alleges sufficient ultimate facts supporting permissible conclusions upon which recovery or relief might be based a different rule applies.

■ If the petition alleges ultimate facts upon which plaintiffs might recover and states a claim under which evidence may be introduced in support thereof, the petition should be construed in the light most favorable to plaintiffs and doubts resolved in plaintiffs' favor and the allegations accepted as true. Halvorson v. City of Decorah, 258 Iowa 314, 319, 138 N.W.2d 856. See also Luddington v. Moore, Iowa, 155 N.W.2d 428, 431. In Re Lone Tree Community School District, Iowa 159 N.W.2d 522.

In the case before us we think sufficient ultimate facts are alleged in some particulars to require us to proceed under the latter rule. See Division III, infra.

II. Ever since Edgington v. Burlington, Cedar Rapids & Northern Railway Co., 116 Iowa 410, 90 N.W. 95, 57 L.R.A. 561, a turntable case with a thorough review of the authorities and carefully reasoned opinion by Justice Weaver, the "attractive nuisance" doctrine has been recognized in

Iowa. This case has been cited many times but never overruled. See Ashbach v. Iowa Telephone Co., 165 Iowa 473, 485, 146 N.W. 441.

McKiddy v. Des Moines Electric Company, 202 Iowa 225, 229, 206 N.W. 815, 817, after recognizing the doctrine, in referring to the court, the opinion says: "Of necessity, it has allowed or denied application of the doctrine as the particular facts of each case would justify and require."

See article by Professor (later U. S. Appellate Judge) Herbert F. Goodrich in 7 Iowa Law Bulletin 65.

■ Our court has always been reluctant to extend the doctrine of attractive nuisance. Smith v. City of Iowa City, 213 Iowa 391, 393, 239 N.W. 29, Harriman v. Incorporated Town of Afton, 225 Iowa 659, 670, 281 N.W. 183.

■ A review of the cases indicates that each case has turned on the particular facts and circumstances shown and not according to any rigid classification as an "attractive nuisance." The term "attractive nuisance" would be an obvious misnomer when applied to many instrumentalities involved in situations where liability might follow.

It would be absurd to classify every piece of equipment that might be involved in an injury as an "attractive nuisance" and unrealistic to say that there can be no responsibility where the equipment is not an "attractive nuisance."

■ We find no case where an ordinary bicycle has been held to be an "attractive nuisance." It has frequently been said that judges should know what everyone else knows. Under the shelter of that assumption we know bicycles are common and accepted equipment in households with children, and except for skinned knees, etc., not ordinarily dangerous. Our observations have also convinced us that unattended bicycles appear or have appeared in a

high percentage of the yards of Iowa households.

The reluctance of the courts to extend the doctrine of "attractive nuisance" is illustrated by Dean Prosser in 47 California Law Review 427, 450. Speaking of the factors that " * * * lay the ghost of 'attractive nuisance' ", he says, "There are only a few remaining jurisdictions in which that ghost still walks."

We are unwilling to place a stamp of approval on a theory that an ordinary bicycle left unattended in the yard of a householder constitutes an "attractive nuisance."

The allegations of the petition are not sufficient to generate a jury question on the doctrine of "attractive nuisance." To that extent the trial court was right.

That conclusion, however, does not answer the problem before us.

III. Plaintiffs' petition is in two divisions. Division I seeks recovery for the injuries suffered by six-year-old Mark Appling. Division II seeks recovery for the expense incurred and damages suffered by his mother. For convenience we will refer to Mark as plaintiff.

Plaintiff's petition alleges as ultimate facts the following:

1. Defendants kept and maintained on their premises an adult sized two-wheeled bicycle.

2. That defendants knew or in the exercise of ordinary care should have known that plaintiff was on their premises and was attempting to ride the bicycle.

3. That defendants knew or in the exercise of ordinary care should have known that plaintiff was unable to ride without assistance and was ignorant and did not appreciate such dangers.

Under the allegations of the petition and our present problem the status of plaintiff on defendants' premises is of little, if any,

importance. We do not determine his status.

■■ A duty to warn or interfere may be owed even to a known trespasser. The duty, of course, depends on the circumstances. An owner of property may not stand idly by and watch another, who is guilty of nothing more than trespassing, walk into danger.

The theory that some duty may be owed even to a known trespasser is not new.

Mr. Justice Cardozo in Palsgraf v. Long Island R. Co., 248 N.Y. 339, 162 N.E. 99, 100, 59 A.L.R. 1253 succinctly stated the rule, "The risk reasonably to be perceived defines the duty to be obeyed, * * *."

In 1904 Judge McClain, speaking for our court in a railroad case, Gregory v. Wabash Railroad Co., 126 Iowa 230, 101 N.W. 761, said:

"* * * so far as we can discover, the rule uniformly adhered to has been that if, after the employés in charge of the train *become aware of danger to a trespasser on the track*, they can, by the exercise of such care as a reasonably prudent person would exercise under the circumstances—that is, the highest possible degree of care in view of the fact that human life is involved— avert such danger, it is their duty to do so; and the company will be liable for their failure in this respect, which failure will be attributed to the company as negligence. [Citations]" (loc. cit. 238, 101 N.W. 764, loc. cit.). Emphasis added.

For a discussion of duties to trespassers, licensees and invitees see 9 Drake Law Review 119.

In Mann v. Des Moines Ry. Co., 232 Iowa 1049, 7 N.W.2d 45, the rule in the Gregory case was approved and statements to the contrary in Papich v. Chicago, Milwaukee & St. Paul Railway Co., 183 Iowa 601, 167 N.W. 686 were expressly repudiated. (loc. cit. 1060 of 232 Iowa, loc. cit. of 7 N.W.2d.)

■ We are not called upon to determine whether or how plaintiffs might prove their case. We merely hold that a property owner may not close his eyes and refrain from affirmative action in the face of imminent danger to a child.

■ Except as hereinafter limited in Division IV, infra, if plaintiffs can prove the allegations of the petition a jury question may be generated as to negligence in failure to avert a known and imminent danger. Negligence may consist of failure to exercise reasonable care. What is reasonable care under the circumstances is ordinarily a jury question.

Defendants' brief says: "The real question is what is reasonable care under the facts and circumstances alleged in the plaintiffs' petition. * * * Stated in simple terms these facts are that the defendants allowed a six-year-old child whom they knew could not ride a bicycle to come in contact with the bicycle and attempt to ride it."

From these concessions the following questions might arise: How did the defendants know that the plaintiff was on their property? Also, if they did know, did they have actual knowledge that the plaintiff was trying to ride the bicycle and was in danger? These questions can only be answered by evidence and determined by a jury.

IV. Plaintiffs used the words "knew or" * * * "should have known."

The well known propensities of children to do the unexpected and unpredictable are such as to make impossible complete protection from harm. There is a difference between a duty to guard against a probable and a possible consequence. As Dean Prosser says:

"* * * there is virtually no condition upon any land with which a child may not possibly get himself into trouble. * * * Unless the possessor is to shoulder the impossible burden of making his land com-

pletely 'child-proof', which might mean razing it to the bare earth, something more is called for than the general possibility of somehow coming to some harm which follows the child everywhere throughout his daily existence. * * *" California Law Review, supra, page 452.

The reported cases in this field imposing liability involved situations where defendants actually knew or because of the circumstances were charged with knowledge. A defendant may not blindly ignore an obvious danger to a child on his premises but it would be improper to open the door for uncontrolled speculation by the jury as to what defendants "should have known."

■ Plaintiff should be required to show either by proof of actual knowledge or circumstances by which defendant should be charged with actual knowledge that the child:

1. Is on his premises.

2. Is attempting to ride the bicycle.

3. Doesn't know how to ride a bicycle.

4. Is so young he is in danger of being injured.

On the issue of "attractive nuisance" the trial court is affirmed. On the issue of whether plaintiffs have otherwise pleaded a cause of action the case is reversed and remanded for further proceedings in harmony herewith.

V. Rule 344(e), Rules of Civil Procedure, also appearing as a rule of the Supreme Court, says:

"In citing cases the names of parties must be given. And in citing cases determined by this court, which have been officially reported, reference must be made to the volume and page where the case may be found in the Iowa Reports and also in the North Western Reporter, if reported therein. * * *"

■ Appellees' brief fails to comply with this rule. The Iowa citations do not

appear. We call attention of counsel to the importance of the rules relating to procedure.

Affirmed in part, reversed in part and remanded.

All Justices concur, except RAWLINGS and BECKER, JJ., who concur in the result.